## THE STATE OF IOWA v. SATER.

An affidavit for a continuance, on the ground of the absence of witnesses, should state their residence, the particular facts expected to be proved by them, and that the affiant knows no other witness by whom the facts can be so fully proved.

Where a party indicted for stealing a horse, filed his affidavit for a continuance, on the ground of the absence of witnesses, and after stating the names of the witnesses, alleged that he expected to prove by said witnesses that he did not steal the horse, as charged in the indictment; that at the time said horse was stolen, he was at another and different place; that he expected to prove by them other facts which would establish his innocence; and that he could not prove said facts so fully by any other witnesses; which application was overruled; *Held*, That the continuance was properly refused.

Where a person called as a petit juror in a criminal case, being interrogated as to cause, stated that he had heard considerable in relation to the case, but had not formed an unqualified opinion as to the guilt or innocence of the defendant, from what he had heard; that he had formed an opinion as to the guilt or innocence of the defendant; that if what he had heard, and upon which he had formed his opinion, should be proved upon the trial, he had now an opinion made up; that he did not think he had any prejudice or bias to prevent him from hearing the evidence, and giving a verdict in accordance with the law and testimony; and that he had no bias on his mind, which would influence his mind as a juror; and where the defendant then challenged the juror for cause, which challenge was overruled by the court; *Held*, That the challenge was properly disallowed.

Where it is admitted by the opposite party, that the witnesses if present, would swear to the facts stated in an affidavit for a continuance, on the ground of the absence of such witnesses, the affidavit may be read to the jury, for the purpose of proving such facts only as the absent witnesses would have been permitted to testify to, if present and examined on the trial; and the party applying for such continuance, by embodying improper and irrelevant matter in his affidavit, cannot require his adversary, in order to avoid the continuance, to admit that the witness, if present, would swear to such improper and irrelevant matter.

The party making the admission, in order to avoid the continuance, will be understood as admitting that the witness, would swear to such facts only, stated in the affidavit, as are material and proper to be given in evidence.

Where in an affidavit for a continuance, on the ground of the absence of witnesses, the affiant, after stating the facts he expected to prove by the absent witnesses, alleged that he could also prove by said witnesses, the

The State of Iowa v. Sater.

character of the prosecuting witness, as follows: "That he is a man of notorious bad character; that he is esteemed a horse-thief; that he is totally unworthy of belief; and that he is now, or has recently been, under such charge in Davis county," and the prosecution admitted that the witnesses, if present, would swear to the facts stated in the affidavit; and whereon the trial, the defendant offered to read the said affidavit to the jury, which being objected to, the court excluded so much thereof as attacked the character of the prosecuting witness; *Held*, That the court ruled correctly.

Where the nature of the case will admit of it, an assignment of error should be so explicit, as to direct the attention of the court to the particular portion of the instructions, or other proceeding in the court below, to which objection is made.

The appellate court will not wade through a mass of instructions, to hunt up errors in the record, not plainly pointed out, and but vaguely intimated by the assignment of the party.

Where it is assigned for error, as follows: "The court erred in giving the instructions asked by the prosecution, and in refusing the instructions asked by the defendant," the assignment will be disregarded.

*Appeal from the Des Moines District Court.*

WEDNESDAY, JUNE 8.

AT THE January term, 1859, of the Des Moines district court, the defendant was indicted for stealing a horse, and filed a plea of not guilty. He then filed a motion for a continuance, on the ground of the absence of witnesses, alleging in his affidavit, that he expected to prove by the said witnesses, that he did not steal said horse, as charged in the indictment; that at the time said horse was stolen, the defendant was at another and different place, and also other facts which will establish the innocence of defendant; and that he cannot prove said facts so fully by any other witnesses. The residence of the witnesses is not given in the affidavit. The court overruled the motion, and refused to grant the contiuance.

A second affidavit for a continuance, was then filed, in which the defendant alleged, that he had "discovered new and material testimony for the defense; that the defendant was wholly ignorant of said testimony, and had had no

time or opportunity to discover the same, since the indictment was found; that the witnesses are H. W. Riggs, county judge of Davis county, Daniel Fagan, William Fagan, and John Grady, all of whom are residents of Davis county; that he expects to prove by said witnesses, that William Miller, whose name is indorsed as a witness on the indictment against the defendant, formerly resided in Davis county; that his real name is Willlam R. Rhoads, and not William Miller; that he is here under an assumed name; that he is a man of notorious bad character; that his character for truth and veracity is bad; that he is esteemed a horse-thief; that he is totally unworthy of belief; and that he is now, or has recently been, under such charge in Davis county. The court decided that the continuance should be granted, unless the district attorney would elect to admit that the witnesses, if present, would swear to the facts stated in the affidavit, so far as the facts were relevant. The district attorney thereupon, in open court, elected to make the necessary admission, and the court then overruled the application.

While the jury were being impanneled, a juror called into the box, being interrogated as to cause of challenge, answered that he had heard a considerable in relation to the case, but had not formed an unqualified opinion of the guilt or innocence of the defendant, from what he had so heard; that he had formed an opinion as to the guilt or innocence of the defendant; and that if what he had heard, and upon which he had formed his opinion, should be proved upon the trial, he had now an opinion made up. Upon being further interrogated, the juror stated, that he did not think he had any prejudice or bias to prevent him from hearing the evidence, and giving a verdict in accordance with the law and testimony, and that there was no bias in his mind, which would influence his mind as a juror. The defendant challenged the juror for cause, which was overruled, and the juror admitted.

After the state had closed its evidence, the defendant offered to read to the jury, the statement contained in his second affidavit for a continuance, to which the state objected. The court ruled that all of the affidavit, except the following: " That he is a man of notorious bad character; that he is esteemed a horse-thief; that he is totally unworthy of belief; and that he is now, or has recently been, under such charge in Davis county," might be read to the jury.

The jury having returned a verdict of guilty, a motion for a new trial was overruled, and the defendant sentenced to the penitentiary for the term of three years, from which judgment he appeals, and assigns the following errors :

1.   The court erred in not granting the continuance asked for in the first affidavit.

2.   The court erred in refusing the continuance asked for in the second affidavit.

3.   The court erred in overruling the challenge of the juror.

4.   The court erred in not permitting the defendant to read to the jury, the whole of his second affidavit for a continuance.

5.   The court erred in giving the instructions asked by the prosecution, and in refusing the instructions asked by defendant.

6.   The court erred in overruling the motion for a new trial.

*M. D. Browning*, for the appellant.

*S. A. Rice*, (Attorney General), for the state.

STOCKTON, J.:—The first motion for a continuance was properly overruled. The affidavit on which it was founded, although it states the names, does not state the residence of the absent witnesses, whose testimony was desired; nor does it state, with sufficient particularity, the facts expected to be proved by them ; nor that the defendant knew of no other witness by whom such facts could be fully proved.

The second motion for a continuance was overruled, for the reason that the counsel for the state stipulated to admit, that the witnesses, if present, would swear to the facts stated in the affidavit, so far as the same were relevant.  Code, sec. 1767.

The challenge to the juror, Eads, for bias, was properly disallowed by the court.  It did not appear that he had formed or expressed an unqualified opinion, or belief, as to the guilt or innocence of the defendant.  The juror stated he had not formed an unqualified opinion; that if what he had heard should be proved upon the trial, he had an opinion made up ; but that he thought he had no prejudice or bias to prevent him from hearing the evidence, and giving a verdict in accordance with the law and the testimony. *State* v. *Hinkle*, 6 Iowa, 380.

The affidavit in support of the motion for a continuance, could be read to the jury, for the purpose of proving such facts only, as the absent witness would have been permitted to testify to, if present, and examined on the trial.  The defendant, by embodying improper and irrelevant matter in his affidavit, could not require the prosecution to admit, in order to obviate a continuance, that the witness, if present, would swear to such improper and irrelevant matter. The state will be understood as admitting, that the witness would swear to such facts only, stated in the affidavit, as were material and proper to be given in evidence.  The court, therefore, properly refused to permit the defendant to read to the jury, on the trial, those portions of the affidavit in which he stated that he expected to prove by the absent witnesses, that the prosecuting witness was " a man of notorious bad character ; that he was reputed a horse-thief ; and that he had recently been under such a charge in Davis county."  The character of the witness could be impeached by general evidence only, as to his reputation for veracity, and not by proof of particular facts, nor by proof as to his general moral character.   1 Greenl. Ev., sec. 461 ;

1 Stark. Ev., 182; *Carter* v. *Cavenaugh*, 1 G. Greene, 171.

The fifth assignment of error is entirely too vague, and does not point out with any reasonable clearness, the objections taken by the defendant to the instructions given and refused. Where the nature of the case will admit of it, the assignment of error must be so explicit as to direct the attention of the court to the particular portion of the charge of the court objected to. It cannot be expected that the court will wade through a mass of instructions, to hunt up errors in the record, not plainly pointed out by the party, and but vaguely insinuated by his assignment.

The motion for a new trial was based upon the refusal of the court to grant a continuance, and upon the giving, and refusing to give, the instructions asked. As no new question is made not raised in the other asignments of error, the matter embraced in the sixth assignment may be considered as disposed of by what has already been said.

Judgment affirmed.