## THE STATE OF IOWA v. McCOMB.

18  43
98  257
98  679
18  43
f109  100

1. **Continuance:** CRIMINAL CAUSES. A defendant in an indictment, was not, under the Code of 1851, and is not, under the Revision of 1860, entitled to a continuance of the case as of course and without a showing, at the term after his arrest.

2. —— EXERCISE OF DISCRETION. Motions for continuances are addressed to the sound discretion of the court, and the Supreme Court will interfere with the exercise of such discretion only in cases of manifest abuse.

3. —— ABSENT WITNESSES. The defendant in a criminal action is not entitled to an unconditional continuance upon a showing of the absence of witnesses. The continuance should be refused if the State admits that the witnesses named in the application would, if present, testify as therein claimed.

4. **Criminal law:** DISMISSAL OF PROSECUTION. The court may, upon the motion of the District Attorney, dismiss the prosecution under an indictment as to one of the defendants.

5. **Practice:** CORRECTION OF RECORD. It is competent for the District Court upon a showing that the name of a grand juror has, by mistake of the clerk, been omitted in the record of a prior term, to order a correction of such record by inserting therein the name of such juror.

6. —— DUPLICATE OATHS. When on the trial of an indictment found while the Code of 1851 was in force, the oath prescribed by the Revision of 1860, was administered severally to the jury and to the witnesses for the State, and after the examination of the first witness called by the State had been commenced, the court administered to the jury the oath prescribed by the Code of 1851, whereupon the trial again proceeded, it was held, that the duplicate oath administered to the jury, and the omission to administer a second oath to the witnesses worked no prejudice to the defendant.

7. —— NAMES OF WITNESSES ON INDICTMENT. On the trial of an indictment found before the taking effect of the Revision of 1860, it was proper to receive the testimony of witnesses whose names were indorsed on the back of the indictment, notwithstanding a minute of their evidence before the grand jury was not returned with the indictment into court.

8. —— When a witness is unmistakably described on the back of an indictment, as he would be by the use of his Christian or whole name, the whole purpose or object of the statute is met, and it is not error to admit his evidence on the trial.

*Appeal from Wapello District Court.*

MONDAY, DECEMBER 19.

AT the May Term, 1860, of the District Court of Wapello county, the grand jury returned into court an indictment against Benjamin A. McComb and George Lawrence, for the murder of Laura J. Harvey, on the 29th day of March, 1860. The defendant was not arrested till the 2d day of March, 1864, and was put upon his trial at the May term (May 30th) following. The jury returned a verdict of guilty of murder in the first degree, upon which the court rendered judgment and pronounced sentence of death. The defendant appeals. The further necessary facts will be found stated in the opinion.

*Knapp & Wright* for McComb.

*C. C. Nourse*, Attorney-General, for the State, with whom are *Hendershott & Burton*.

COLE, J. — I. On the first day of the term, the defendant was brought into court for arraignment, and the indict-
**1. CONTINU-**
**ANCE:**
**criminal**
**causes.**
ment was read to him. Thereupon his counsel moved the court, orally, for a continuance of the cause without any showing, on the ground that it was the first term of the court after the arrest of the defendant. It also appeared from the records of the court, that the defendant had not been arrested upon any writ or process issued upon the indictment, but by virtue of a warrant issued by a magistrate of Scott county, on the day of his arrest, and had, together with said warrant, been delivered thereunder to the sheriff of Wapello county, and by him confined in jail. This motion was overruled by the court, and excepted to by the defendant, and such ruling is assigned as the first error.

The indictment in this case was found prior to the taking effect of the Revision of 1860, and it is made a question by counsel, in argument, whether the defendant is to be tried under the provisions of the Code of 1851, or those of the Revision of 1860. Section 4425 of the Revision, provides that "all prosecutions or proceedings in criminal cases, which shall be commenced before the first day of September, 1860, and which, by the existing laws, would be valid, shall not be rendered invalid by this act, but may be prosecuted to their conclusion, and enforced according to the existing laws, as if this act had not been passed."

Aside from this provision, or other saving of the statute, any prosecution commenced under a statute, which was repealed by the Revision, must have been discontinued, since such repeal would render further proceedings groundless. Whether this section, as quoted above, was intended simply to keep alive the statutes, under which the prosecutions and proceedings had been commenced, so as to enable the courts to visit upon the offenders the penalties of the statutes thus repealed; or whether it was intended to continue in force the mode of the procedure as provided by the Code of 1851, as to all prosecutions commenced under the statutes continued in force as well as to those repealed, may well be doubted. Nor is it necessary to the present inquiry that we should determine. Since, under either Code, the defendant had not the right under the circumstances as a matter of law, without any showing, to a continuance. Code of 1851, §§ 2931, 2941; Revision, §§ 4723, 4724, 4749, 4750.

The defendant was then arraigned, and given time till the next morning to plead. At the time fixed he filed, in writing, his plea of not guilty.

II. After the oral motion for continuance was overruled, and on the morning of the second day of the term, which was May 31st, 1864, the defendant filed his written motion

and affidavit for continuance, supported by the written professional statements of two of his counsel. This motion was also overruled and excepted to, and the same is assigned as the second error.

The affidavit of defendant set forth, in substance, that when he was arrested at Davenport he understood that it was for the murder of George Lawrence, and that he had not been informed of the offense he was charged with, till the indictment was read to him yesterday; that he was not guilty, and believed he could show it if he had an opportunity to make his defense; that he was not at or near the place the homicide charged was said to have been committed, at the time when it was charged to have been done; but the time was so long, he could not state where he then was, nor by whom he could show it without time to correspond with parties and ascertain the dates where he was at different places; that he had written to his father to come and aid him in his defense, but had received no answer; that he could prove by a Mrs. Whipple, of Omaha, N. T., that George Lawrence was still living; that there was a strong prejudice against him in Wapello county, but he knew of no one who would unite with him in an affidavit for a change of the venue.

The professional statements severally set forth, at some length, in substance, that defendant had assured them of his innocence, and of facts and circumstances which convinced them thereof, and that a continuance was necessary in order to make the defense, which could not by any efforts have been prepared by that term.

Exceptions at length were filed to the affidavit and professional statements, and also counter affidavits. The 2. —— defendant moved to strike from the files the counter affidavits, which motion the court refused to decide, holding that it was not necessary to do so, in order to determine the motion for continuance, which was over-

exercise of
d'scretion.

ruled.   In view of the discretion vested by the law in the District Court, in the determination of motions for continuance, based upon such facts as were relied upon in this case, it would be unwarrantable to interfere and reverse, except when there was a manifest abuse of such discretion. Instead of abuse of discretion in this case, it seems to us to have been soundly and wisely exercised.

III.  The defendant then filed an amended affidavit for continuance, in which he set up certain facts that he could

3. —— absent witnesses.   prove by absent witnesses, whose names and residences he sets out specifically.   The State, by the district attorney, filed objections in writing to this affidavit and also counter affidavits.   The defendant then moved to strike the counter affidavits from the files, which motion the court sustained; and also overruled the objections to the affidavit, and ordered that the case should stand continued, unless the State would admit that the witnesses if present would swear as set out, &c.   The defendant excepted to this ruling of the court, because an unconditional continuance was not granted.   The action of the court was in perfect accordance with the statute, and was not therefore erroneous.   Code of 1851, §§ 1766, 1767; *The State* v. *Sater*, 8 Iowa, 420; Rev., §§ 3013, 4750.

IV.  The district attorney then moved to dismiss the prosecution as to the defendant George Lawrence, because

4. CRIMINAL LAW: dismissal of prosecution.   it had been ascertained that he was killed at or near the time Laura J. Harvey was found dead. This motion was sustained, and we are unable to see any error therein, or prejudice to the defendant thereby.

V.  The district attorney then moved to amend the record

5. PRACTICE: correction of record.   of the District Court at the May Term, 1860, (when the indictment was found) by inserting in the list of grand jurors contained in the record, the name of Joshua Bryant.   The court heard evidence upon this motion, and thereby it was shown from the clerk's docket

for the May Term, 1860, that Joshua Bryant was one of the grand jurors for that term. It also appeared from the minute book of the County Court, that he was drawn as one of the grand jurors for that term, and was paid for his services. Joseph Hayne testified that he was the clerk of the court at that term, and that Joshua Bryant was one of the grand jurors. It also appeared that Hon. John S. Townsend was then the judge of the court, and that Hon. H. H. Trimble was the present judge, and Hugh Brown the present clerk.

The court thereupon sustained the motion, " being fully satisfied that the omission by the clerk to enter the name of the said Joshua Bryant in the record of the court, was an evident mistake," and ordered that the record should show the fact that the said Joshua Bryant was one of said grand jury. To all of which the defendant, by his counsel, objected and excepted, and now assigns the same as error.

It was provided by the Code of 1851, and re-enacted and continued by the Revision, that " entries made, approved and signed at a previous term, can be altered only to correct an evident mistake." Code of 1851, § 1580; Revision, § 2667. A fair construction of this provision is, that entries made at a previous term may be altered to correct an evident mistake. The court then had the express power given it to correct such mistake, and the proof made in this case and brought up by bill of exceptions, satisfies us that the court did not improperly exercise that power.

VI. After the jurors were duly accepted and impanneled, 6. —— Duplicate jurors. they were sworn in the manner provided by the Revision. The district attorney then read the indictment to the jury and caused his witnesses to be sworn, and had proceeded in the examination of one of them, when he moved the court to again swear the jury, to which the defendant objected, but the court overruled the objection, and administered to the jury the oath provided by the Code

of 1851, which is in substance the same as that provided by the Revision.   The State then resumed the examination of the witness, and after completing it, examined others, without again swearing them, to which defendant duly objected and excepted.

The exception was, doubtless, taken out of abundant caution, and with the hope that something might possibly " turn up" whereby it would be available.   But we are unable to see how the defendant could be prejudiced by swearing the jury twice, or by refusing to duplicate the oath, with variations or otherwise to the witnesses.

VII. It is claimed in this court, by the counsel for defendant, that several witnesses were examined whose testimony *7. —— names of witnesses on indictment.* is set out in the bill of exceptions, who were not before the grand jury at all, but whose names were indorsed upon the back of indictment.   We have examined the entire transcript with care, to ascertain if there was anything in it tending to show that any of the witnesses whose names were on the back of the indictment, were not before the grand jury, either personally or by deposition (Code of 1851, § 2913), and are unable to find any such showing, and therefore the question made by counsel, in argument, is not properly presented in the record for our determination.

But it may not be improper to add, that whatever may be the rule of practice under the Revision, which requires that the minutes of the evidence given by the witnesses before the grand jury, must be filed with the indictment, &c., we are unanimously of the opinion that under the Code of 1851, and the law of 1858, the witnesses, whose names were indorsed on the indictment, were properly permitted to testify in this case. *The State* v. *Bowers*, 17 Iowa, 46.

VIII. Among the names indorsed on the back of the indictment was " ex-Sheriff Upright of Rockford, Ill."

The State of Iowa v. McComb.

The State, on the trial, introduced a witness who answers that his name was Morris J. Upright, and, thereupon, the defendant objected to the giving of evidence by said witness, because his name was not on the indictment, and no notice had been given that he would be called as a witness. The State then offered to and did prove to the court by said witness, that he had served there as sheriff for ten years, and no other person of his name lived in Rockford, Ill., and that he was as well known by the name of ex-Sheriff Upright as by that of Morris J. Upright, and the court permitted him to give evidence in the case, to which the defendant objected, and the same being overruled excepted thereto.

There was no error in this action of the court. The name of the witness was substantially indorsed on the indictment. It is true his christian name was omitted, and his title used instead of it. The object in requiring the name to be indorsed on the indictment, is to notify the defendant of the witnesses who will be called against him. Where such witness is as unmistakably described, as he would be by the use of his christian or whole name, that object or purpose is fully met, and no prejudice whatever could result to the defendant. Code of 1851, § 2920; Rev., § 4660; *The State* v. *Sater*, 8 Iowa, 420.

IX. It is insisted by counsel, in this court, that the verdict is contrary to the evidence, and that for this reason a new trial should be granted. We have unitedly given to the evidence a careful reading, and a most thorough consideration; and while to the Chief Justice and the writer of this opinion, the verdict would have been more fully satisfactory, if it had been for *murder* simply, yet, under the rules applicable to this ground for a new trial in an appellate court, we are unanimously of the opinion that we would not be justified in granting a new trial for this cause.

It would serve no useful purpose to review herein at length the evidence in the case. There can be, in view of the testimony, no reasonable doubt that the defendant killed Laura J. Harvey; and while the evidence is not conclusive, beyond doubt, to all of us, of that *pre*-meditation requisite to constitute murder in the first degree, under our statute, yet we are satisfied that the law on this point, as upon all others, was fairly given by the court to the jury, and they have applied that law to the evidence, and returned their verdict of guilty of murder in the first degree, and with that finding there is no sufficient cause to interfere. *The State* v. *Tomlinson*, 11 Iowa, 401; *The State* v. *Elliott*, 15 Id., 72.

X. The counsel in this case for the defendant, after having evinced unswerving and untiring fidelity to the cause of their client in the trial below, and manifested therein unusual ability and acumen, have assigned thirty-one errors in this court. We have herein passed *seriatim* upon the points made and discussed in the argument, and have also given an examination to each of the errors as assigned, but find no error therein.

The judgment of the District Court is therefore affirmed.