## THE STATE v. HARRIS.

Criminal law: TRIAL TERM OF INDICTMENTS. Under the provisions of our statute (Rev., § 4723, *et seq.*), the defendant in a criminal prosecution cannot, against his will, be put upon trial at the term at which the indictment was found, unless he has been previously held to answer on preliminary examination, and was at the time of the finding of the indictment in custody or under bail.

*Appeal from Polk District Court.*

FRIDAY, FEBRUARY 23.

THE defendant was indicted on the 23d day of November, 1870. At the time the indictment was presented he was not in custody or under bail, nor had he deposited money instead of bail, or been previously held to answer for the offense charged in the indictment.

The first notice defendant had of the indictment was his arrest on a " bench-warrant," upon which he was brought before the court at the same term at which the indictment was presented. After there being arraigned he pleaded not guilty, and moved the court to continue the cause until the next term for trial, which was refused by the court, and the defendant, against his objection, required to go to trial, upon which he was convicted and adjudged to pay a fine of $400 and costs. Defendant appeals.

*Seward Smith, D. O. Finch* and *J. S. Polk* for the appellant.

*J. B. Bissell,* with *Henry O'Conner,* attorney-general, for the State.

MILLER, J. — Chapter 207 of the Revision provides the time of trial for criminal actions. Section 4723 is as follows : "If the defendant is in custody, or on bail, or has deposited money instead of bail when the indictment is found, the trial may take place at the same term of the court on a day to be fixed by the court." Now, this section makes the action triable at the same term at which the indictment is found, in case the defendant is in custody, or on bail, or has deposited money instead of bail when the indictment is found. In other words, the case is triable, or may be tried, if the defendant has been arrested and held to answer previous to the finding of the indictment. If, therefore, the defendant has not been previously held to answer, it is a strong and clear implication that the case is not triable at such term, certainly not without the consent of the defendant.

The next section (4724) provides for the docketing of criminal causes, as follows : "If not tried at the same term " (under the previous section), "all indictments, together with all other criminal prosecutions, shall be docketed for the first day of the next term of court, unless a different day be fixed by the order of the court ; but no indictment for a felony shall be docketed until after the defendant has been arrested, or given bail, or deposited money instead thereof." And the next section (4725) provides that "all prosecutions by indictment, in the same court in which the indictment was found, and on appeal or change of venue, shall stand for trial on the day for which they are docketed, if the defendant has been arrested and the papers returned or transmitted to the clerk, and received by him and filed in his office ten days before the first day of the term for which they are so docketed, subject to the provisions of section 3006 of the Code of Civil Practice."

The plain meaning and intention of these three sections is that, if the defendant has been previously held to answer, he may be tried at the term at which the indictment

is found ; if he has not been thus held to answer, the cause shall be docketed for the first day of the next term, unless the court by order fixes a different day, and that the cause shall stand for trial on the day for which it is docketed, if the defendant has been arrested, and the papers are returned and filed with the clerk ten days before the first day of the term for which the case is docketed.

If the defendant is in custody or under bail, etc., when the indictment is found, the cause may be tried at the same term the indictment is found, but if he is not, then the case cannot be then tried, but must be docketed for a day in the next term, and shall stand for trial on the day for which it is docketed, if the defendant has been arrested and the papers returned and filed ten days before the first day of that term. The defendant cannot be legally required, without his consent, to go to trial prior to the time the cause stands regularly for trial under these provisions of the statute. Whether he may ask and insist upon a trial sooner we express no opinion, as that question is not involved in the case.

Until the arrival of the time when the cause is triable as provided in the statute, the defendant cannot legally be compelled to go to trial or to show cause for a continuance. The cause did not stand for trial at the term at which he was tried, and no showing for a continuance was necessary. A continuance is a postponement of the trial from the time when a cause is legally triable to another term or to another day in the same term, so that the indictment not being legally triable (without consent) at the term when the indictment was found, it stood for trial at the next term without an order of continuance. It was the legal right of the defendant to have the case docketed for trial at the next term.

Appellee's counsel cite us to *The State* v. *McComb*, 18 Iowa, 43, as holding the contrary doctrine, but on examination it will be found not to do so. In that case the defend-

ant was arrested upon a warrant of a justice of the peace on the 29th day March, 1864, and was put upon his trial at the May term following, and it was held that he was not, under the circumstances of that case, entitled, as a matter of law, without a showing, to a continuance, either under the Code of 1851, or the Revision of 1860. There is no inconsistency in the holding in that case and in this, but on the contrary, according to the views expressed in this case, the indictment in that case stood properly for trial at the time it was tried, under section 4725 of the Revision, unless continued for cause shown under sections 4749, 4750.

In putting the defendant on trial, against his objection, when the case did not legally stand for trial, the court below erred to the prejudice of the defendant and the judgment must, therefore, be

Reversed.