JAMES COOLEY v. THE STATE OF TEXAS.

1. Prescribing rules for impanneling juries in State cases.
2. No challenge should be made until the panel is full; nor is it proper to make more than one peremptory challenge at the same time.
3. Less than twelve men will not constitute a jury in State cases, and challenges should never be made except from a full jury.
4. The proper mode of selecting a jury is to proceed by trial or examination until twelve qualified jurors are found; then the party holding the affirmative of the issue should be required to pass upon the jury; should he pass upon it without challenge, the party holding the negative of the issue is then called upon to pass upon it. Should either party make a peremptory challenge, another juror must be called, who, if qualified, takes his seat in the box, when the peremptory challenging may proceed.

APPEAL from Wise.    Tried below before the Hon. C. C. Binkley.

This was a felony, and the opinion is confined to a discussion of the practice that should obtain in impanneling jurors, and especially in making challenges.

The facts, so far as necessary, appear in the opinion.

No brief for appellant furnished Reporters.

*Attorney-General*, for the State.

WALKER, J.—This is a case in which arises on the bill of exceptions a question of great importance to the practice in the District Courts.

Different judges appear to have adopted different practices in their districts touching the mode of impanneling juries, and we feel called on to state the rule which should be uniformly adopted.

A party is not limited in the number of challenges he may make for cause.  The challenge may be made to the array *propter defectum;* from personal objections, such as alienage, infancy, or lack of statutory requirements; *propter affectum,* on account of bias or partiality; *propter delictum,* or because of crime, by which legal imcompetency has been incurred.  A challenge to the array is not permitted to all the States of this Union, but it is a practice known and recognized in this State.  (See Van Hook v. The State, 12 Texas, 252.)  Of course the right to challenge for cause is common to both parties, and the court must judge of the sufficiency of the cause assigned. At common law it was usual to appoint triors for this purpose, but such is not the practice in most of the States.  A peremptory challenge is one made for which no reason need be given, and must be allowed by the court.

The number of these in trials for felonies at common law was fixed at thirty-five. (4 Black. Com., 354.)  Challenges *to the poll* are such as are made to individual jurors, as distinguished from the array.

*The time* to make a challenge is between the appearance and the swearing of the jurors.  (8 Gratt. Va., 637; 3 Iowa, 216; 23 Penn. State, 12; 8 Gill. Md., 487; 8 Blackford, 194; 3 Geo., 453; 1 Curt. C. C., 23.)  It is a general rule at common law that no challenge can be made until the panel is full, and this rule should never be departed from; nor is it competent to challenge perempto-

rily more than one juror at the same time. (4 Barnwell & Ald., 476.)

And should a party wish to make a challenge to the array when the panel is not full, he may pray a *tales* to complete the number, and then make his objection.

All challenges to the array must precede those made to the poll, and should a party make challenge to the poll, he will be held to have waived his right of challenge to the array. (Coke's Litt., 158; Bacon's Abr., title Juries, Chap. 11; 6 Cal., 214.) A juror who has been unsuccessfully challenged for cause may be peremptorily challenged. It is therefore obvious that all challenges for cause should be exhausted before any peremptory challenge is made. (4 Blackstone Com., 356; 6 Tenn., 531; 4 Barn. & Ald., 476; 5 Cush. Mass., 295.) A challenge to the array should be made in writing and submitted to the court, but those made to the poll are made verbally, usually by counsel, and the challenge should always be couched in polite and respectful language. It is competent under the practice of some of the States to plead an abatement, the want of qualification on the part of individual jurors, or even a plea in abatement may be urged against the array, but we believe such has not been the practice in this State.

The bill of exceptions taken in this case shows that the court compelled the defendant's counsel to make his peremptory challenges when the panel was not full, and consequently there was no jury. Less than twelve men will not constitute a jury in a case such as the one at bar.

It may not be improper to illustrate how unjustly such a rule of practice might be made to operate. Suppose the prisoner's counsel to have ten peremptory challenges; there are twelve men in the box, and he is compelled to go on and exhaust his challenges without having the

panel refilled. At the close there are but two of the origi-
nal jurors in the box, but there are ten bystanders in the
house with whom the sheriff fills the panel. Every one
of these may be more obnoxious or unfriendly to the pris-
oner than any one of those his counsel has challenged.
Now it does appear that a more complete method of
packing a jury against the prisoner could scarcely be
adopted. But the rule may be made to work just as
strongly against the State, and would be grossly errone-
ous in either case.

It is not an unknown practice in some of the districts
for an attorney to make two or three or four peremptory
challenges to individual jurors at the same time. This is
wrong and should never be allowed. It is a practice cer-
tainly that no lawyer of any shrewdness would ever
adopt unless compelled by the court.

The proper mode of selecting a jury is to proceed by
trial or examination of the jurors until twelve are found
against whom there is no legal disqualification. Then the
party holding the affirmative of the issue to be tried
should be invited by the court to look upon the jury.
Should he pass upon the jury without challenge, the
party holding the negative of the issue is then called to
pass upon the jury. Should he make no peremptory
challenge, the jury is then sworn. But should either
party make a peremptory challenge another juror must
immediately be called, and if he prove a competent and
qualified juror he takes his seat in the box ; if not, another
is called, and so on until the panel is again full ; then the
peremptory challenging may proceed.

The bill of exceptions in this case shows that the rules,
as herein laid down, were violated, and it may have been
to the prejudice of the appellant. There is no objection
to the manner in which the court charged the jury. The
charges refused, so far as the law required they should

have been given, were given in the body of the charge as given by the court.

The judgment of the District Court in this case must be reversed and the cause remanded.

REVERSED AND REMANDED.