## THE STATE v. BRYAN.

1. **Jury**: CHALLENGE TO PANEL: PRACTICE. A challenge to the panel must be made before the challenge to any individual juror.

2. ———: FORMATION OF AN OPINION. A juror who stated upon his examination that he had not formed an opinion as to the guilt or innocence of the accused, but had in regard to some of the transactions in the case, stating further that he could render an impartial verdict upon the evidence, was *held* to be competent to serve.

3. **Criminal Law**: CONVERSION: EVIDENCE. Conversion may be established either by direct proof of the fact or by proof of demand and refusal; but evidence of demand and refusal will not establish the conversion where the failure to comply with the demand can be sufficiently explained by the existence of other circumstances.

*Appeal from Clinton District Court.*

FRIDAY, APRIL 23.

THE defendant was indicted for the crime of embezzlement of public money while holding the office of treasurer of Jackson county, in 1873. The venue was changed to Clinton county, and there, upon a plea of not guilty, the cause was tried to a jury, who found the defendant guilty as charged, and found the amount embezzled to be $41,604.65. The court then sentenced the defendant to the penitentiary for three

years, and to pay a fine equal to the amount embezzled. The defendant appeals.

*W. E. Leffingwell, J. S. Darling*, and *S. L. Baker*, for appellant.

*M. E. Cutts, Attorney General*, for the State.

COLE, J.—I. After commencing to empanel a jury in the cause, and three jurors, at least, had been challenged, the defendant challenged the panel of petit jurors. It is not necessary to state the grounds of challenge or the facts respecting it, since we hold that the court properly overruled the challenge, because of the *time* it was interposed. Our statute provides, Code, § 4401, "a challenge to the panel must be taken before a challenge to any individual juror." The appellant's counsel seek to avoid the effect of this provision, by showing that the venire was not returned at all so as to show its defects until just preceding the making of their motion. But this is sufficiently answered by the suggestion, that they might, by reasonable diligence, have ascertained the facts as they really existed before they made their challenges to the individual jurors.

*1. JURY: challenge to panel: practice.*

II. One of the jurors summoned, James H. Price, being sworn, stated on oath that he had not formed an opinion in regard to the guilt or innocence of the defendant, but had in regard to some of the transactions, from what he had heard and read of the case, which would require some proof to remove; that he had no bias or prejudice in favor of or against the defendant, and that he could render an impartial verdict upon the evidence, notwithstanding his opinion or impression in regard to some things. The defendant challenged this and other jurors, answering similarly, for cause. The court overruled the challenge.

*2. ——: formation of an opinion.*

Under our statute (Code, 4405, sub-div. 11,) a juror may be challenged, for cause, for "having formed or expressed such an opinion as to the guilt or innocence of the prisoner as would prevent him from rendering a true verdict upon the evidence submitted on the trial." This question has been

substantially determined by this court, several times, against the position of appellant's counsel and in accord with the ruling of the court below. *The State v. Hinkle*, 6 Iowa, 380; *The State v. Sater*, 8 Iowa, 420; *The State v. Gillick*, 10 Iowa, 98; *The State v. Lawrence*, 38 Iowa, 51. These cases are quite as strong in support of the challenge as the case made by the defendant here. The rule applied in all cases seems to have been, that the party making the challenge for cause must show such cause as the statute specifies, or the challenge may be overruled. The opinion of the jurors in this case was not of the guilt or innocence of the prisoner, but was in regard to some of the transactions. It was upon the application of this rule to the juror, Bauder, that determined his rejection; he stated that he had formed and expressed an opinion as to the guilt or innocence of the defendant, and it was a decided one.

III. The counsel for the appellant make these further points, upon the sufficiency of the evidence, the sufficiency of the indictment and the correctness of the instructions. They all involve the single question, whether a demand upon the defendant and his refusal to pay over the money received by and due from him as treasurer is sufficient evidence of conversion, under our statute, to justify a conviction for embezzlement. Our statute enacts, Code, 3908, "If any * county * officer * unlawfully converts to his own use in any way whatever, * any portion of the public money * that may come into his hands by virtue of his office, he shall be guilty of embezzlement to the amount of so much of said money as is thus converted. * * * ." The next section enacts what shall constitute embezzlement by clerks, servants, agents, officers of corporations, etc.; but the offense under this next section is very different from that defined in the section under which the defendant is indicted.

The crime with which the defendant is charged, is that of converting the money which came into his hands as treasurer to his own use. The rule is too well established to require citation of authorities to verify it, that conversion may be shown either by direct proof

3. CRIMINAL LAW: conversion: demand and refusal.

of the fact of conversion, or by proof of a demand and refusal. Where the fact of conversion is sought to be proved by evidence of a demand and refusal, it may always be met and neutralized by evidence showing an excuse for this refusal; and when the excuse shown is sufficient, then the evidence of a demand and refusal does not establish the fact of conversion. These rules of evidence apply equally to civil and to criminal cases. The crime with which the defendant is charged consists in receiving the money as treasurer and in converting it to his own use. Whatever will establish these facts will prove the defendant's guilt. That he received the money is proved and not disputed; and the proof of a demand and refusal was distinctly made and is not controverted, and this is evidence of a conversion. The defendant might have shown an excuse for his refusal, such as, if you please, that the bank with which he had deposited the money had failed; that he had been robbed of it; that the house where he kept it was burned and the money with it; that he had invested it in government bonds and could not pay until he could send them to market, etc., etc. This doctrine is directly supported by *The State v. Leonard*, 6 Coldw., (Tenn.) 307, and *The State v. Cameron*, 3 Heiskel, (Tenn.) 78; and indirectly by *Regina v. Welch*, 2 C. & K., 294, and *Regina v. Neoah*, 7 Cox Crim. C., 60.

But this doctrine does not apply to the crime of embezzlement as defined by the next section of our statute, (Code, 3909). There the doctrine relied upon by appellant's counsel and vindicated by the authorities they cite applies. See 2 Bishop on Crim. Law, § 360, and cases cited in the notes.

AFFIRMED.