## THE STATE OF KANSAS V. HENRY WRIGHT.

JURY—*Challenge to the Array, When—Waiver.* All challenges to the array upon the ground that the jury was not selected, drawn, or summoned according to law must precede those made to poll for favor, undue influence, or prejudice, and should a defendant, after a lengthy examination of the individual members of the jury, challenge to the poll for favor, undue influence, or prejudice, he will be held to have waived his right of challenge to the array.

*Appeal from Ford District Court.*

PROSECUTION for a violation of the prohibitory liquor law. The facts are stated in the opinion. Judgment for *The State* at the May term, 1890. The defendant *Wright* appeals.

*M. W. Sutton,* and *J. T. Whitelaw,* for appellant.

*L. B. Kellogg,* attorney general, for The State.

The opinion of the court was delivered by

HORTON, C. J.: Henry Wright was prosecuted for a violation of the prohibitory law. He was convicted, and sentenced to imprisonment in the county jail for sixty days, and to pay a fine of $100, and costs of prosecution. It was also ordered by the court that he remain committed to jail until the fine and costs were paid, and until he executed a bond in the sum of $500, conditioned for his good behavior and for his abstaining from any violation of the prohibitory law of the state for the space of two years from the date of his sentence. From this conviction and sentence he appeals to this court.

The only question presented concerns the challenge to the array, which the defendant claims to have made, and which he maintains the trial court should have sustained. He alleges as a reason for making the challenge that the jury was not selected, drawn or summoned according to law; and he asserts that the record not only shows this affirmatively, but that it also shows that the lists furnished were taken from

the assessment rolls of the year 1890. The counsel for the state insists that the challenge to the array was made too late. We agree with this. Such a challenge is, in general, founded upon some error or manifest partiality committed in obtaining the panel, and which, from its nature, applies to all the jurors so obtained. In this case it was alleged that the jury was not selected, drawn or summoned according to law. If such was the case, the defendant had full knowledge thereof when the jury was first called upon the panel. Instead, however, of making a challenge to the array at the convenient and proper opportunity, both plaintiff and defendant examined the jurors at great length, and challenges to the polls for cause were made and allowed. After the state had passed for cause and the defendant had passed for the same reason, then a challenge to the array was made by the defendant. The examination of the jurors, upon which the challenges for cause were made, covers thirty-four pages of the record. This examination all took place before the challenge to the array. We think that all challenges to the array must precede those made to the polls for favor or prejudice; and we think that should a party make challenge to the polls for favor or prejudice, he will be held to have waived his right of challenge to the array. (Coke, Litt. 158; Bacon Abr, Title "Juries," ch. 11; 6 Cal. 214; Whar. Crim. Pl. & Pr., 9th ed., § 610; *The State v. Bryan*, 40 Iowa, 379; *Cooley v. The State*, 38 Tex. 636; *The People v. Roberts*, 6 Cal. 214; *Gropp v. People*, 67 Ill. 154; *The State v. Davis*, 14 Nev. 439–448; Thomp. & M. Juries, § 266, p. 284.)

The trial court, in sustaining the demurrer to the challenge to the array, very pertinently said:

"The court does so because no specific ground of challenge to the array is urged that can apply to all of the members of the jury now selected, as the court takes judicial knowledge of the fact that a portion of the jury was drawn by the direct order of the court after the commencement of the present term, under an order on file for said drawing, and that another portion of the jury are talesmen selected by the sheriff upon the order of the court from among the bystanders."

The counsel for the defendant refer to *The State v. Jenkins*, 32 Kas. 477, and insist that this court has decided that the challenge to the array may be made at any time before the jury are sworn to try the issues in the case. Incidentally, it was said in that case that the objection to the panel must be made before the jury are sworn. But in that case, the question was not raised as to the proper time of making the challenge to the array; therefore, we assume it was made in that case at the proper time. It was not intended to decide that the challenge to the array could be made after challenges for favor, undue influence or prejudice had been allowed.

The judgment of the district court will be affirmed.

All the Justices concurring.

*Per Curiam:* The case of THE STATE OF KANSAS V. JOHN EIGLE, from Ford district court, presents the same question as in the case of *The State v. Wright*, just decided. We must hold in this case, as in that, that the challenge to the array or to the panel always precedes a challenge to the polls. These challenges are taken separately. When the latter is made, the former is regarded as waived. Judgment affirmed.