THE STATE OF KANSAS v. DEWITT C. EVERSON.
**No. 12,110.**   (64 Pac. 1034.)

SYLLABUS BY THE COURT.

1. JURY AND JURORS—*Challenge to the Array.*  A challenge to the array, if not made before the parties have exhausted their peremptory challenges and challenges for cause, is not made in time.

2. INTOXICATING LIQUORS—*Paraphernalia in Evidence.*  The fact that bottles, glasses, liquors and other articles may have been taken by an officer from the possession of the defendant in an unauthorized search of his premises does not constitute a valid objection to the admissibility of such articles in evidence against him, if they are otherwise competent. (*The State v. Miller*, ante, p. 62, 64 Pac. 1033.)

Appeal from Mitchell district court; R. M. PICK-LER, judge.   Opinion filed May 11, 1901.   Division two.   Affirmed.

*A. A. Godard*, attorney-general, *J. E. Tice*, county attorney, and *Clark A. Smith*, for The State.

*D. M. Thorp*, *C. M. Thorp*, and *J. W. Tucker*, for appellant.

The opinion of the court was delivered by

GREENE, J. : The defendant was convicted in the district court of Mitchell county, Kansas, of the violation of the prohibitory law.   The information, after specifically describing the building and the lot upon which it was situated, in Cawker City, charged that the defendant, in the first story of said building known as "Everson's drug-store," on said premises, did —

"On the 19th day of April, A. D. 1900, then and there own and keep a place where spirituous, malt, vinous, fermented and other intoxicating liquors were sold, bartered and given away in violation of law, and did then and there permit persons to resort thereto for the purpose of drinking intoxicating liquors as a beverage, and did then and there keep intoxicating liquors for sale, barter and delivery in violation of law, to the common nuisance of the people of said county and state, and contrary to the statute in such cases made and provided, and against the peace and dignity of he state of Kansas."

On the trial, and after the jury had been sworn to answer questions, and after the challenges had been exhausted, both peremptory and for cause, but before the jury were sworn to try the cause, the defendant challenged the array, on the ground that the jury so impaneled had not been drawn and selected from those assessed on the tax-rolls for the preceding year,

and were not taxpayers in the county of Mitchell, and introduced evidence tending to support that claim. The court, after hearing the evidence and argument, overruled the challenge and the jury were sworn.

Upon the trial, the defendant objected to the introduction of certain bottles and barrels and their contents, which were seized by the officer at the time he arrested the defendant, and were found in the possession of the defendant in the drug-store kept and maintained by him in the property described in the information. He complains of that and of the refusal of the court to permit him to introduce certain testimony, and especially a written reward that had been offered for the arrest and conviction of any person violating the prohibitory law in Cawker City. He also complains that the court refused to give certain instructions which were submitted and asked by him to be given.

We think the first objection urged cannot be sustained. In *The State v. Wright*, 45 Kan. 136, 25 Pac. 631, this court held :

"All challenges to the array upon the ground that the jury was not selected, drawn, or summoned according to law, must precede those made to poll for favor, undue influence, or prejudice, and should a defendant, after a lengthy examination of the individual members of the jury, challenge to the poll for favor, undue influence, or prejudice, he will be held to have waived his right of challenge to the array."

The second contention of defendant is equally untenable. The theory of defendant is that the sheriff had no authority to seize these articles, and because he had no authority to take the articles they could not be used as evidence. This court has recently decided this question adversely to the contention of defendant. (*The State v. Miller*, ante, p. 62, 64 Pac. 1033.)

The only purpose for which defendant offered in evidence the proclamation offering a reward was to show the interest of certain witnesses ; these witnesses were on the stand and testified to the interest they had in the prosecution, and the excluding of this additional item of evidence was not prejudicial.

The last contention of defendant is that the court refused to give six certain instructions. We have examined these instructions and those given by the court, and are of the opinion that there was no error committed ; and, in fact, we are of the opinion that the instructions given were as favorable to the defendant as they should be under the law.

The judgment of the court below will be affirmed.

JOHNSTON, CUNNINGHAM, JJ., concurring.