## THE PEOPLE v. ROBERTS.

Though the appointment of a sheriff by a county judge was void, yet the acts of such sheriff, as a *de facto* officer, are good.

The declaration of a grand juror that he is a naturalized citizen, should be received by the Court as *prima facie* true, and proof thereof, by actual production of the papers, is unnecessary.

A grand jury must be composed of not less than seventeen, all of whom, however, need not be present at the finding of an indictment, provided that twelve concur in finding the indictment.

Where the prisoner was present at the empanneling of the grand jury, and challenged particular jurors, and his challenge was overruled, and he was indicted for murder, and the cause was transferred for trial to the District Court, it is too late to except to the whole panel.   His exceptions should have been urged in the Court of Sessions,

The fact that the appointment of a foreman of the grand jury was not entered on the minutes of the Court is not material, where the indictment is endorsed by the foreman and returned to the Court.

Instructions in civil and criminal trials should be drawn with some slight reference to the case as made by the evidence,

Evidence of character can only be considered in relation to the particular crime charged, in cases where the guilt of the accused is doubtful.

It is the duty and province of the jury to draw the inference of express malice from the facts and circumstances of the case, and the Court properly refused to instruct the jury that there was no evidence of express malice.

The Court may properly refuse instructions, which, though technically correct, have no application to the case as made by the evidence, and might tend to mislead the jury.

APPEAL from the District Court of the Eleventh Judicial District, County of Yolo.

The facts and errors assigned are generally stated in the opinion of the Court.   The evidence shows that the prisoner, having a verbal dispute with his partner, the latter, in answer to an abusive epithet applied to him by the prisoner, replied, " I am as white as you are," or similar words ; whereupon the prisoner seized a knife and stabbed him, inflicting three severe wounds, of which he died in a few minutes.   The defence does not in any way contradict the evidence, but proves that after the killing, the prisoner had a slight cut or bruise on his right

hand, and also proves by a number of witnesses, prisoner's character for peace and quietness to be good.

The sixth instruction asked by defendant, and refused by the Court, was : "If the jury believe the defendant guilty of murder or manslaughter, but have a doubt as to which offence he is guilty, they should find him guilty of the less offence, and if the jury believe the offence is not murder, and have any reasonable doubt as to whether it is manslaughter or justifiable homicide, it is their duty to find a verdict of not guilty."

*Foote, Robinson & Heard* for Appellant.

*W. T. Wallace, Attorney General,* for the People.

The opinion of the Court was delivered by Mr. Chief Justice MURRAY. Mr. Justice TERRY concurred.

The appellant was indicted and convicted of the crime of murder.

The first error assigned is, that the indictment was not found by a lawfully constituted grand jury.

To support this proposition, it is alleged—First : That the sheriff who participated in the drawing of the jury, was appointed by the Judge of the County Court; admitting this, and that such appointment was void, still his acts as a *de facto* officer were good.   This principle is too old to require argument or authority.

Second : It is said that incompetent persons were allowed to sit upon the jury ; that it was composed of less than seventeen persons, by reason of the incompetency of one of them, and that less than seventeen concurred in finding the indictment.

In the case of the People *v.* Freeland, decided at the January term, 1856, the question arose as to the same juror whose competency is now attacked, and it was held that the declaration of a juror that he was a naturalized citizen, should be received by the Court as *prima facie* true, so as to supersede the necessity of proof by the actual production of his papers.   The counsel for the prisoner, however, admitting the principle, seems to think that we did not pass upon the sufficiency of the declaration of the fact as disclosed by the record.   It is not our practice in determining a cause, to pursue a synthetical mode of reasoning; the majors include the minors, and when we held that the declaration of naturalization was sufficient evidence, we necessarily determined that such declaration appeared upon the record before us.   This necessarily disposes of the objection, that less than seventeen persons composed the grand jury, by reason of one being incompetent, and brings us to the consideration of the question, whether all of the seventeen should be present and deliberate at, or on, the finding of an indictment.

It may be as well in passing, to observe that the fact nowhere appears, that less than seventeen persons were present in the jury room at the time of finding this indictment, notwithstanding a somewhat unwarrantable latitude allowed to the defendant to establish this fact ; so that

the decision of this question might be uncalled for, were it not for the desire which we feel to settle the point, so as to prevent further doubt on the subject, as well as to throw obstacles in the way of frivolous appeals in such cases.

The statute provides, "that if, of the persons summoned, not less than seventeen nor more than twenty-three attend, they shall constitute the grand jury," and that the concurrence of twelve shall be necessary to find an indictment. In order to sustain the construction contended for, the decision of this Court is invoked in the case of the People v. Au Chung, in which it was held that the Court of Sessions could not be holden without the presence of the county judge and two associates. The language of the Constitution differs from the provision of the statute above quoted, in this, that it provides that the "county judge and two justices, etc., *shall hold* Courts of Sessions," not that the Court shall be constituted by the election or appointment of a certain number of officers, but that a certain number shall hold said Court, *i. e.* shall be present and participate in the proceedings.

But abandoning any attempt to refine upon the difference of the language in the two cases, upon an examination of other provisions of the statute, we are irresistibly led to the conclusion that it was not the intention of the Legislature, that all seventeen of the jury should be actually present in every case. This conclusion is drawn—First : From the provisions already quoted, that the concurrence of twelve shall be necessary. Second : From a provision excluding any individual juror from a participation in the deliberations of the body, who is a witness, etc., which in cases of a jury of only seventeen would throw out every indictment. Third : From the rule adopted in other States ; and, Fourth : From the manifest inconvenience which would arise in every case, where after the empanneling of the jury, one of the number was temporarily absent, from indisposition or other causes.

In construing statutes, it is proper that some intelligence and foresight should be accorded to the Legislature, and it is the duty of the Court to give such a construction as will best carry their design into effect, unless overruled by some authoritative and controlling principle of law. In addition to what has been already said upon this question, the challenge to the panel was properly overruled ; the prisoner was present at the empanneling of the jury, and might have challenged the panel for causes set forth in the statute; instead of which he chose to except to individual jurors, and after such exceptions were overruled, then to except to the whole panel. The exceptions now urged should have been taken before the Court of Sesssions, and it is too late to urge them. See People v. Freeland, before cited.

The next error assigned is, that no foreman of the grand jury was appointed, and as a corollary, that the witnesses before the jury were not sworn (the law requiring, or permitting, them to be sworn by the foreman). It is not usual in all cases to enter the appointment upon the minutes of the Court, although undoubtedly the better practice would require it. The indictment is endorsed by the foreman, returned

People *v.* Roberts.

to the proper Court, properly filed and transmitted; it is sufficient under the statute, and more accurately drawn than nine-tenths of those that come before us for inspection, and this view of its sufficiency disposes of several immaterial points, which will justify the remark of the Attorney General on the argument, that " the prisoner seems to have been anxious to try any issue other than that of his guilt or innocence."

The admission of one of the witnesses to explain his evidence after he had once testified, under the circumstances, can hardly be called an irregularity, much less a serious ground of error.

This brings us to the consideration of the propriety of the instructions given and refused by the Court below. The record discloses the fact of the homicide, and there is no contradiction in the testimony; no sufficient provocation was shown upon the trial even to reduce the crime to manslaughter. The only defence seems to be a speculative one ; that the defendant wrested the knife from the hands of the deceased, and stabbed him in self-defence; and this is not supported by one scintilla of evidence other than at the time the killing took place, one of the witnesses observed a scratch, or cut, on the knuckle of the prisoner, which was bleeding; whether cut by himself in the scuffle, or not, no one knew or pretended to say. So trifling a circumstance is scarcely a sufficient pretext for eliminating the whole criminal code; and instructions in civil and criminal trials should be drawn with some slight reference to the case made by the evidence. In this connection, it is proper to state that the charge of the judge was correct, and covered the facts as well as the law of the case.

The instructions asked by the prisoner's counsel were properly refused, first: Because many of them were not pertinent; and second: Because others were erroneous.

The instructions as to the character, as well as those upon the subject of malice, were correctly refused under the former ruling of this Court, in the case of the People *v.* Milgate, 5 Cal., in which many of the questions now under consideration were reviewed and determined. The refusal of the Court to give the sixth instruction asked by the defendant's counsel, is also assigned as error. While the instruction may be technically correct in law, it had no application to the facts. The law of murder and manslaughter had been defined to the jury, their attention drawn to the distinction, and their duty enjoined upon them, in determining the precise grade of crime. There was certainly no proof to reduce the crime below manslaughter ; besides all this, so far as we can perceive, no injury has resulted to the prisoner from the refusal to give the charge, as they have found him guilty of the highest offence.

The second instruction asked for, that " there was no evidence of express malice in the case," was properly denied, first: Because the Constitution forbids such instructions ; and, second : Because the facts and circumstances of the killing were before the jury, and it was their duty and province to draw the inference of express malice from them. (See Comp. Laws, 644.)

It is proper to state that we have considered the points raised by the

proceedings had in the Court of Sessions, although we are of opinion that they should have come before us by bill of exceptions, or statement, and not upon the mere certificate of the clerk.

In conclusion we would remark, that almost all the points arising in this case have heretofore been settled, in The People *v.* Milgate and The People *v.* Freeland.

For these reasons the judgment is affirmed, and the Court below directed to carry the sentence into execution.