People *v.* Gatewood.

---

## THE PEOPLE *v.* GATEWOOD.

An indictment for murder can legally be found by thirteen members of a grand jury composed of sixteen persons, three of the number having been challenged by the defendant, and excused by the Court from the examination of the charge.

The case of *The People* v. *Butler* (8 Cal. 435) affirmed.

An indictment is not vitiated by the fact that one of the grand jurors, who has been challenged and excluded from the deliberations of the case, appears in Court with the other jurors when the indictment is presented.

People *v.* Gatewood.

On a trial for murder, an instruction which embraces the proposition that a party may, in his defense against an assault, inflict a mortal wound with a dangerous weapon, and be acquitted of all offense, provided he did not intend to cause death, without reference to any circumstances making the giving of such a wound necessary, or showing that he had in good faith endeavored to decline any further struggle, is erroneous and should be refused.

Where a challenge for cause was interposed to a trial juror by defendant, and overruled, and the juror was subsequently peremptorily challenged by him, and the jury was completed without defendant exhausting his peremptory challenges : *Held*, that the appellate Court would not consider an alleged error in denying the challenge for cause ; as, conceding the denial to have been erroneous, defendant had sustained no injury thereby.

Objections to an indictment on account of the omission of certain words, or of alleged uncertainty in the form of allegations, not appearing to have been raised in the Court below by demurrer or otherwise, will not be noticed by the appellate Court.

APPEAL from the Twelfth Judicial District.

Indictment for murder. The defendant, who is the appellant, was tried by a jury, and found guilty of murder in the second degree.

The grand jury who found the indictment was composed of sixteen persons—three of them were challenged by defendant and excused from the examination of his case ; the remaining thirteen found the indictment.

In forming this trial jury, one Jewel was examined, and a challenge for cause interposed to him by the defendant, which was overruled, and defendant excepted and then challenged him peremptorily. When the jury was complete and accepted, defendant had only used seven of his peremptory challenges.

The instruction referred to in the opinion, which was asked by defendant and refused by the Court, is as follows :

" That in every public offense there must be a union or joint operation of act and intention, or criminal negligence ; and if they find from the evidence that the use of the knife was resorted to by the defendant as a mere means of defense against the assault of the deceased, without any intent by its use to take the life of the deceased, then the law is for the defendant, and they must find accordingly."

*Wise & Gough* and *L. Sanders, Jr.*, for Appellant.

People v. Gatewood.

I. The indictment was not found by a legally constituted grand jury. The case of *The People* v. *Roberts* (6 Cal. 214) is not authority, because there the point was not before the Court. The case of *The People* v. *Butler* (8 Cal. 435) was decided on the authority of *The People* v. *Roberts*, and is therefore entitled to little weight. A fair construction of the statute requires that the number of persons necessary to constitute a grand jury should be present and participate in the deliberations when an indictment is found, and more especially under the recent statute declaring that a grand jury shall be composed of sixteen persons.

II. The Court erred in refusing to give the instruction asked by defendant. It was but the repetition of a well known and universally admitted legal proposition, and should have been given when asked by defendant. (*The People* v. *Sessions*, 16 Cal. 99.)

III. The Court erred in denying the challenge for cause to the juror Jewel.

*C. N. Fox, District Attorney*, for Respondent.

NORTON, J. delivered the opinion of the Court—FIELD, C. J. and COPE, J. concurring.

The objection that the indictment was presented by a grand jury not properly constituted, is the same that was raised and overruled in the case of *The People* v. *Butler*, (8 Cal. 435) in which case the difference between the facts in that case and those in the case of *The People* v. *Roberts*, (6 Cal. 214) and the inference to be drawn from the provisions of section ten of the Act concerning Jurors, were presented in the defendant's brief. The decision was upon full argument and deliberation, and must be considered as settling the point.

If the excluded juror did appear in Court when the indictment was presented, it did not vitiate the indictment. The offending juror was liable to punishment by section one hundred and eighty-eight of the Criminal Practice Act; but it is not provided that the indictment shall be set aside as is provided by section one hundred and eighty-six, in case of one found by a jury where a challenge to the panel has been allowed.

People *v.* Gatewood.

The instruction asked by the defendant was properly refused. Although so much of it as is a copy of section first of the Act concerning Crimes and Punishments might have properly been given if asked for by itself, it did not authorize the giving of the whole instruction with which it was coupled. The latter part embraces the proposition that a party may, in his defense against an assault, inflict a mortal wound with a dangerous weapon, and be acquitted of all offense, provided he did not intend to cause death, without reference to any circumstances making the giving of such a wound necessary, or showing that he had in good faith endeavored to decline any further struggle, as provided by section thirty-one of the Act concerning Crimes and Punishments. To give this portion would have been error.

It is not necessary to consider whether the Court decided correctly in overruling the challenge for cause to the juror Jewell, because if the ruling was erroneous, (and we by no means intend to intimate that it was) it was productive of no injury to the defendant. This juror was peremptorily challenged and did not sit on the trial, and the defendant had thirteen peremptory challenges left after the jury was completed.

Various objections are suggested in argument to the indictment, on account of the omission of certain words, and alleged uncertainty in the form of some allegations; but those objections are not taken by demurrer and do not appear, by the bill of exceptions, or by any statement, to have been raised in the Court below, and are not before us in such form as authorizes us to consider them, and we the more readily omit their consideration in detail, because it is apparent that if any of them show a technical defect in the indictment, they could not have affected the substantial rights of the defendant.

Judgment affirmed.