PEOPLE, Respondent, v. EDWARD PHELAN, Appellant.

No. 3083; April 17, 1872.

An Indictment is not Bad Because One Member of the Grand
Jury was Lacking from the members of the body considering the case,
he having been challenged by the person charged, and the challenge
having been allowed by the court, but not so that he became no
longer a member of the whole body, thus necessitating the appoint-
ment of a new member in his place.

APPEAL from County Court, El Dorado County.

Attorney General for respondent.

BELCHER, J.—The defendant was indicted in the county
of El Dorado for the crime of arson. The only question pre-
sented on this appeal is: Was the indictment found by a
legally constituted grand jury?

Seventeen persons were called and sworn to act as a grand
jury. The defendant was present and challenged one of
them, and the challenge was allowed by the court, and the
challenged juror was directed not to be present or take part
in the consideration of the charge against the defendant. The
indictment was found and returned by the remaining sixteen.

It is claimed that the indictment should have been set aside
because the minimum number who could constitute a legal
grand jury was seventeen, and only sixteen were qualified to
act upon this case.

The question is not an open one in this state. Precisely
the same objection was raised and overruled in the case of
People v. Butler, 8 Cal. 435, and again, after full argument,
in the case of People v. Gatewood, 20 Cal. 146. We are
satisfied with the decision in those cases.

Judgment affirmed.

We concur: Wallace, C. J.; Crockett, J.; Niles, J.; Rhodes,
J.