[No. 10,454.]

## THE PEOPLE *v.* HUNTER.

GRAND JURY—INDICTMENT—DEATH OF GRAND JUROR.—An indictment found by twelve of the grand jurors is valid, although the grand jury, owing to the death or absence of one or more of its members, may consist of less than nineteen at the time of finding the indictment.

SAME—SAME.—Query ? The opinion of the Court in *State* v. *Davis,* 2 Ired. 157, cited to the effect that an indictment found by twelve grand jurors is valid, although less than the number required by law were originally impanneled; but held that the exigencies of the present case do not require the Court to go so far.

SAME—SAME.—It is the settled doctrine of this Court, that an objection to the formation of the grand jury cannot be presented in the Court below, on a motion to set *aside the indictment.*

APPEAL from a judgment against the defendant, in the Municipal Criminal Court of the City and County of San Francisco.

The facts are stated in the opinion.

*Delos Lake, Alexander Campbell, A. A. Cohen,* and *R. H. Lloyd,* for Appellants.

*Henry E. Highton,* and *D. J. Murphy,* for Respondents.

By the COURT:

It must be taken to be the settled doctrine of this Court, that the question hereinafter considered cannot be presented in the Court below, by motion to set aside the indictment. (*People* v. *Southwell,* 46 Cal. 141 ; *People* v. *Colby,* present term.) But inasmuch as the doctrine of those cases has never been assented to by the Chief Justice, and as counsel were permitted, at the argument, to go at very great length into the main question, we have thought it proper to consider it irrespective of the questions determined in the Southwell and Colby cases.

It is claimed by counsel for defendant, that by the death of one of the grand jurors, the grand jury "dissolved," and all that had been done by the grand jury previously, and all done by the remaining grand jurors after the death, went for naught. And this by reason of the language of § 192 of the Code of Civil Procedure, which reads: " A grand jury is a body of

men *nineteen in number*, returned in pursuance of law," etc. Prior to the amendment of 1876, the section read : " A grand jury is a body of men not less than thirteen nor more than fifteen in number," etc.   We have been unable to perceive that the amendment has changed the rule as to the effect of the absence, at the finding or return of an indictment, of any of the grand jurors impanneled.   To say that a grand jury is a body not less than thirteen nor more than fifteen in number, is to say that it is a body of *either* thirteen, fourteen, or fifteen. Prior to the amendments of 1876, § 242 of the Code of Civil Procedure provided for the cases in which the number should be thirteen, fourteen, or fifteen, respectively.   Section 242 was : " When, of the jurors summoned, not less than thirteen nor more than fifteen attend, they (those in attendance) *shall constitute* the grand jury," etc.   Section 242 of the Code of Civil Procedure, as amended, is : " When, of the jurors' summoned, and not excused, nineteen are present, *they* shall constitute the grand jury," etc.   There is nothing in the amendments of §§ 192 and 242 of the Code of Civil Procedure to indicate that the consequence of the absence of one or more of the nineteen should have any other or greater effect than would have followed from the absence of one or more of the thirteen, fourteen, or fifteen, who might constitute the grand jury, under those sections prior to the amendments.   That no different result can follow from a change in the law making the number of which a grand jury may be composed definite, instead of leaving the number to be fixed by the Court within a maximum and minimum, was precisely determined in *People* v. *Gatewood*, 20 Cal. 147.

The *common law* required that twenty-four should be summoned to attend on the grand jury ; but not more than twenty-three were sworn, because of the inconvenience which might arise in case twelve, who were sufficient to find a true bill, were opposed by other twelve, who should be against a finding. Whatever number were sworn, those sworn *constituted* the grand jury ; and it was never claimed that the death or discharge by the Court of any of those sworn, provided twelve remained, rendered the action of a grand jury illegal.

In 1856, the California statute read : " If, of the persons sum-moned, not less than seventeen, nor more than twenty-three, attend, they *shall constitute* the grand jury." Yet in that year, the Supreme Court (*People* v. *Roberts*, 6 Cal. 214) held that all of the seventeen need not have been present at the finding of an indictment, if twelve concurred in the finding. Among other reasons given in the opinion, in support of the conclusion to which the Court arrived, is one drawn from the manifest inconvenience which would arise in every case, when, after the impanneling of the jury, one of the number was temporarily absent, from indisposition or otherwise ; and it is added : " In construing statutes, it is proper that some intelligence and fore-sight should be accorded to the Legislature, and it is the duty of the Court to give such a construction as will best carry their design into effect, unless overruled by some authoritative or controlling principle of law." If the argument *ab inconvenienti* can be resorted to at all, it must be admitted that it could hardly have been the intent of the Legislature, that the event of the death of any of those constituting a grand jury should render invalid all that had been done by the jury previous or subse-quent to that event. And as was said by this Court, in *People* v. *Butler*, 8 Cal. 440, " If twelve concur in finding an indict-ment, it is not perceived how a prisoner can be injured by the absence of the others who were impanneled." In *People* v. *Gatewood*, hereinbefore referred to, it was decided that an indictment could be legally found by thirteen members of a grand jury composed of sixteen persons, three of the number having been challenged by the defendant and excused by the Court. In that case, the grand jury had been impanneled un-der the Act of 1851, (Statutes of 1851, p. 573) the fifth section of which reads as follows : " If, of the persons drawn and sum-moned to form a grand jury   *   *   *   there shall remain sixteen, and no more, they shall constitute the grand jury. If, of those summoned   *   *   *   there shall remain less than six-teen, those so remaining shall be placed upon the grand jury, and the Court may order the Sheriff to summon from the body of the county a sufficient number of persons to complete the grand jury." The counsel for the defense in *People* v. *Gate-*

wood attempted to suggest the same difference between the language of the statute of 1861 and those which had preceded it, which is now claimed to exist between the language of the amended provisions of the Code and that of the sections in operation immediately before the amendments to the Code. Counsel said: "A fair construction of the statute is, that the number of persons necessary to constitute a grand jury should be present and participate in the deliberations when an indictment is found, and more especially *under the recent statute* declaring that a grand jury *shall be composed of sixteen persons.* Yet, although the precise point was made, this Court determined that no result followed the absence of one or more of the jurors when an indictment was found, provided twelve were present, whether the number of persons to constitute the grand jury was definitely fixed by the statute, or was by the statute left to be fixed by the court.

In fact, the only adjudged case brought to our notice which can be fairly said to support the views advanced by the counsel for the prisoner at the argument, is that of *Norris House* v. *The State*, 3 G. Greene, 513, decided by the Supreme Court of Iowa in the year 1852. It was held in that case that under the Code of Iowa (providing that "when grand jurors are to be selected their number must be fifteen," etc.) an indictment found by a grand jury of less than fifteen, though concurred in by twelve grand jurors, was not good. In that case, fifteen persons had been impanneled; but on the next day one of their number was discharged, by order of the Court, because of intoxication. But the reasoning of Mr. Justice Kinney in the Norris House case does not meet our approval; nor does it appear to have met that of the Supreme Court of Iowa itself in subsequent cases arising in that Court. In *Ostrander's Case,* for instance, decided there in 1865, (18 Iowa, 475) Mr. Justice Dillon, with the concurrence of the whole Court, in referring to the decision in the Norris House case, uses this language : "In view of the authorities, some of which are cited below, it may admit of some question whether the decision was correct, so far as it held that the indictment, though twelve jurors concurred in its finding, was void." Again, as lately as 1872, in

*Garhart's Case*, 35 Iowa, 316, Mr. Justice Miller, referring to what was understood to have been decided in the Ostrander case, (*supra*) observed that the latter case " doubted the correctness of the holding that an indictment found by fourteen grand jurors is invalid."

Indeed, it may be safely affirmed that the doctrine of the Norris House case is substantially repudiated in the court in which it was for the first and only time announced, for we are not aware that it has ever been followed or approved in any other court.

It was held by the Supreme Court of North Carolina, in an able and exhaustive opinion, that where a statute required that a grand jury should be composed of a definite number, and a less number was *impanneled*, the action of the jury was valid if twelve concurred in finding an indictment. The exigencies of the present case may not require of us to go so far, but the opinion of the Supreme Court of North Carolina throws much light upon the questions involved here. In *State* v. *Davis*, 2 Ired. 157, that Court said:

" The other ground taken for this motion (in arrest of judgment) is, for that it appears upon the record that the grand jury who found the indictment was constituted of fifteen jurors only. The argument in support of this objection is, that by the express words of the Revised Statutes (chap. 31, § 34) the grand jury must consist of eighteen jurors; that under the Constitution of this State no freeman can be put to answer any criminal charge but by indictment, presentment, or impeachment; that an indictment is a written accusation, found by a grand jury; and that the accusation which has been received as an indictment in this case is not an indictment, because not found by a grand jury legally constituted. We do not deem it necessary to enter into an examination of every part of this argument, because we differ from the counsel for the appellant in the construction which he attaches to the statute on which he relies. It was an established principle of the common law that no man could be convicted at the suit of the king of a capital offense, unless by the voice of twenty-four of his equals and neighbors —that is, by twelve at least of the grand jury in the first place

assenting to the accusation, and afterward by the whole petit jury of twelve more finding him guilty upon his trial. (4 Blackst. Com. 306.) To find a bill, it was required that twelve at least of the grand jury should agree thereto; but if twelve did so agree, it was a good presentment, though the rest did not agree. (2 Hale's P. C. 161.) It was necessary that the grand jury should consist of twelve at least, and it might contain any greater number, not exceeding twenty-three. There must be twelve at least, because the concurrence of that number was absolutely necessary in order to put the defendant on his trial; and there ought not to be more than twenty-three, because otherwise there might be an equal division, or two full juries might differ in opinion. ( *Clyncard's Case,* Cro. Eliz. 654; *King* v. *Inhabitants of Southampton,* 2 Black, 718; 2 Burr, 1008; 1 Chitty Cr. Law, 705.) These great principles of the common law were brought over to this country by our ancestors, and, with an extension of their application to other offenses, were by the Constitution made a part of our fundamental law, and cannot be violated either by the judiciary or the Legislature. According to them, therefore, a bill found by twelve of a grand jury composed of any number between twelve and twenty-four, (exclusively) is sufficient to put any man on trial for a criminal offense. We do not doubt but that it is competent for the Legislature to declare that, although a bill be found by twelve of a grand jury, the accused shall not be put upon his trial, and that the bill so found shall not be deemed an indictment, unless the grand jury consisted of eighteen jurors. Such an act of legislation would not infringe any of the rights or liberties secured by the Constitution, but would be a regulation for the enjoyment of them under the Constitution. The question is, has the Legislature made such a declaration, or any enactment tantamount to such a declaration?

" The words of the section referred to are : ' The judges of the Superior Courts and the justices of the County Courts shall direct the names of the persons returned to serve as jurors at the terms of their respective courts, to be written on scrolls of paper, which shall be put in a box or hat, and drawn out by a child under ten years of age, and the first eighteen drawn shall

be a grand jury for said county, and the residue of the names in the box or hat shall be the names of those who are to serve as petit jurors for said court.' These words, it is obvious, are directory to the judges and justices of the courts, in regard to the manner in which the grand and petit juries shall be formed out of the persons returned generally as jurors on the original *venire.* First, a sufficient number, eighteen, shall be drawn by lot out of the whole number returned for the grand jury, and those not so drawn shall serve as petit jurors.

"It does not in terms declare that a grand jury constituted of less than eighteen shall be insufficient to find a bill. It does not purport, otherwise than necessarily results from directions so given, to add to or in any way modify the operation of the ancient rule in regard to the necessary number of a grand jury. And it cannot be believed that, if addition to or modification of the exercise of this so important rule were intended, but that it would have been distinctly and unequivocally announced. It simply gives the directions, but is silent as to the effect which may result from inattention to or non-observance of them in any particular.

"It cannot be pretended that the rule is not yet in full force that a bill may be found on the presentment of twelve only of a grand jury. Now it would seem a singular anomaly that the concurrence of twelve out of eighteen is sufficient to prefer an accusation, but that twelve out of fifteen is undeserving of notice."

Judgment affirmed. Remittitur forthwith.

WALLACE, C. J., dissented in this case. CROCKETT, J., not having heard the argument, expressed no opinion.

NOTE.—No. 6835, *De Young* v. *The Municipal Criminal Court of San Francisco;* No. 6835, *De Young* v. *The County Court of the City and County of San Francisco;* and No. 10,456, *In re Copeland on habeas corpus,* were decided upon the authority of the preceding case.