DETERMINED IN

# THE SUPREME COURT

OF THE

# STATE OF CALIFORNIA.

[Crim. No. 258.   Department Two.—November 2, 1897.]

## THE PEOPLE, Respondent, v. J. C. SIMMONS, Appellant.

CRIMINAL LAW—APPEAL—REVIEW OF MOTION TO SET ASIDE INDICTMENT—BILL
OF EXCEPTIONS.—An order denying a motion to set aside an indictment
is not appealable; but such order may be reviewed upon appeal from
the judgment, where the proceedings are brought up by a bill of ex-
ceptions.

ID.—DISQUALIFICATION OF GRAND JUROR—CHALLENGE. TO PANEL—LEGALITY
OF INDICTMENT — ABSENCE OF GRAND JUROR. — The disqualification of
an individual grand juror is not ground for a challenge to the panel;
nor can the absence of a grand juror, whether qualified or disqualified,
during the consideration of a case by the grand jury, affect the val-
idity or legality of its action; and an indictment cannot be set aside
for the disqualification of a juror, in the finding of which he took no
part.

APPEAL from a judgment of the Superior Court of Sonoma
County, and from an order denying a new trial, and from an order
denying a motion to dismiss an indictment.   R. F. Crawford,
Judge.

The facts are stated in the opinion.

Ross Campbell, for Appellant.

W. F. Fitzgerald, Attorney General, and W. H. Anderson, As-
sistant Attorney General, for Respondent.

HAYNES, C.—Appellant was indicted by the grand jury of
Sonoma county for the crime of incest.   The indictment was set

aside upon defendant's motion upon the ground that one of the grand jurors was incompetent, in that he had not been assessed on the last assessment-roll of said county. Thereupon the court resubmitted the case to the same grand jury, but directed Mr. Ramage, the incompetent juror, not to be present or participate in the examination of the case. This instruction was obeyed, and the grand jury found and returned a new indictment for the same offense. Defendant thereupon objected to the panel, and moved to set aside the new indictment upon the ground that the grand jury was illegal and not impaneled in the manner required by law, in that there were only eighteen legal and competent grand jurors, Ramage being incompetent. This motion was denied, and defendant excepted. A trial was had and the defendant was found guilty and sentenced to imprisonment for the term of ten years. This appeal is from the order denying said motion, and also from an order denying his motion for a new trial based upon the same grounds, and also from the judgment.

The only question made or argued in appellant's brief is that presented by his said motion to dismiss the indictment, and which is also presented by his motion for a new trial, which was based solely upon that ground.

We concur in the views of the learned attorney general that the order denying the motion to set aside the indictment is not appealable (Pen. Code, sec. 1237), and that the motion for a new trial was not made upon any of the statutory grounds upon which alone such motion must be based. (Pen. Code, sec. 1181.) There is, however, an appeal from the judgment, and section 1259 of the Penal Code provides: "Upon an appeal taken by defendant from a judgment, the court may review any intermediate order or ruling involving the merits, or which may have affected the judgment."

As the motion, if granted, would have affected the judgment, the order may be reviewed on this appeal from the judgment, the proceedings having been brought up by bill of exceptions.

Appellant bases his motion upon subdivision 4 of section 995 of the Penal Code, which provides that an indictment may be set aside on motion "when the defendant had not been held to answer before the finding of the indictment, on any ground which would have been good ground for challenge, either to the panel or to any individual grand juror."

The defendant, not having been held to answer said charge, was in a position to avail himself of the privilege given by said provision; but it is clear that the objection to the juror, Ramage, is not ground for an objection to the panel. Section 895 of the Penal Code provides: "A challenge to the panel may be interposed for one or more of the following causes only: 1. That the requisite number of ballots was not drawn from the jury box of the county; 2. That notice of the drawing of the grand jury was not given; 3. That the drawing was not had in the presence of the officers designated by law."

The panel was therefore valid, even if it be conceded that Ramage was not a competent grand juror, the full number having been drawn and impaneled as a grand jury.

Section 192 of the Code of Civil Procedure declares that "a grand jury is a body of men, nineteen in number, returned in pursuance of law." If any twelve concur, an indictment may be found, though the remainder of the jury vote against it.

Appellant's contention here is that the incompetency of one grand juror reduces the panel below the number required to be drawn to constitute it, and that the remaining eighteen could do no act as a grand jury. This contention is disposed of by the case of *People v. Hunter*, 54 Cal. 65. There a grand juror died, thus reducing the panel below the statutory number, and it was contended that the remaining eighteen could not act; in other words, that the death of a juror dissolved the grand jury; but this court held that the indictment found after the death of the juror was valid. For the reasons and authorities upon which that conclusion was based we refer to the case itself without any attempt at repetition or condensation.

A similar question was involved in *People v. Hecht*, 105 Cal. 621; 45 Am. St. Rep. 96. In that case a board of fifteen freeholders was elected to prepare a charter for the city of San Francisco, pursuant to section 8, of article XI, of the constitution, which required that said freeholders should have been for at least five years qualified electors of said city. Two of the persons elected as members of said board were not such qualified electors. The proceeding was *quo warranto*, the relator contending that as but thirteen qualified persons were elected the board had no legal existence and was not qualified to act.

This court held to the contrary. The reasoning of the opinion in that case strongly supports our conclusion in the case before us that the grand jury which found the indictment against appellant was a legal body notwithstanding the disqualification of Mr. Ramage.

In view of the conclusion reached, it is not necessary to consider whether Mr. Ramage was in fact disqualified as a grand juror, for, if he was qualified, his absence during the consideration of the case by the grand jury did not affect the validity of its action. (*People v. Roberts*, 6 Cal. 214; *People v. Gatewood*, 20 Cal. 146; *People v. Hunter, supra*.)

We advise that the judgment and orders appealed from be affirmed.

Chipman, C., and Britt, C., concurred.

For the reasons given in the foregoing opinion the judgment and orders appealed from are affirmed.

McFarland, J., Henshaw, J., Temple, J.