[Civ. No. 146.   Third Appellate District.—December 13, 1906.]

M. COFFEY, Petitioner, v. SUPERIOR COURT OF SACRAMENTO COUNTY et al., Respondents.

REMOVAL OF LOCAL OFFICERS FOR MISCONDUCT—ACCUSATION BY GRAND JURY—CRIMINAL NATURE OF PROCEEDINGS.—Proceedings under section 758 et seq. of the Penal Code for the removal of local officers for misconduct in office, upon accusation by the grand jury, though complete in themselves as far as they go, and separate and independent of the proceedings provided in the Penal Code as to indictments, are criminal in their nature, and must be regarded as pertaining to crimes and offenses against the state.

ID.—CONSTRUCTION OF PENAL CODE—NUMBER OF GRAND JURORS REQUIRED TO VOTE FOR ACCUSATION—SILENCE OF STATUTE—MAJORITY—COMMON-LAW RULE.—The silence of the statute in regard to the number of grand jurors required to vote for an accusation of mis-

conduct in office, as compared with the provision that twelve grand jurors may find an indictment, does not require a unanimous agreement of the grand jury to the accusation. It seems that, under the provision of subdivision 7 of section 17 of the Penal Code, recognized in other codes, that where it is not otherwise expressed ·in the act giving a joint authority to several persons, a majority may act, such accusation might be presented by a majority of the grand jurors; but decision is rested on the ground that by the common-law rule, which should be applied to the case, upon the concurrence of twelve or more of the grand jury legally formed, a valid accusation may be presented.

. PETITION for writ of review to annul proceedings in the Superior Court of Sacramento County under an accusation by the grand jury against petitioner for misconduct in office. E. C. Hart, Judge.·

The facts are stated in the opinion of the court.

J. B. Devine, and Devlin & Devlin, for Petitioner.

A. M. Seymour, District Attorney, for Respondents.

CHIPMAN, P. J.—It appears from the· petition that petitioner is· chief of police of the city of Sacramento, and has been such officer since January 27, 1904, and that his term of office will expire January 27, 1906; that the grand jury in and for the county of Sacramento, claiming to act under sections 758 to 771, both inclusive, of the Penal Code, did, on August 27, 1904, "purport to present an accusation in writing against the said petitioner for alleged willful misconduct in office as such chief of police," the alleged misconduct being willful neglect and refusal to prosecute persons, who, with his knowledge, were engaged in conducting illegal games; that on the —— day of September, 1905, petitioner duly made and filed in the superior court of said county written objections to the legal sufficiency of the said accusation, .alleging as grounds therefor that it was not presented by all of the nineteen members composing said grand jury, but that only fourteen members thereof "participated in the hearing of the said matter before the said grand jury, and in the presentation and filing of said document purporting to be an accusation," and therefore the said court "has no jurisdiction

of the defendant or of the subject matter''; that petitioner, on September 16, 1905, presented the said objections to said court, and moved to quash and set aside said accusation, and on that day said motion was argued and submitted and was taken under advisement by his honor, Judge E. C. Hart, judge of said court, respondent herein, and said motion was, on November 25, 1905, denied. The district attorney interposed a general demurrer to the petition, and also demurred on the ground of uncertainty. It was conceded at the argument that the petition is sufficient to present the principal question, and as we have reached the conclusion that the general demurrer must be sustained, we will not consider the points made on the special demurrer.

It is admitted that the grand jury was duly impaneled and consisted of nineteen members, the full number as provided by law (Code Civ. Proc., sec. 192), and that fourteen of their number participated in the hearing of the matter and voted in favor of presenting the said accusation, the remaining number presumably present. The question presented and argued before us was this: Can a less number than the full panel of the grand jury authorize the presentation of an accusation under the sections of the Penal Code above cited? Section 758 of the Penal Code is as follows: ''An accusation in writing against a district, county, township, or municipal officer, for willful or corrupt misconduct in office, may be presented by the grand jury of the county for or in which the officer accused is elected or appointed.'' Subsequent sections require the foreman of the grand jury to deliver the accusation to the district attorney, who must serve a copy on the accused and also serve a notice requiring him to appear in the superior court and answer the accusation. (Sec. 760.) The accused may file objections or answer. (Secs. 762, 763.) He is given a trial by jury. (Sec. 767.) Upon conviction the court must pronounce judgment removing him from office. (Sec. 769.) The accused may appeal to the supreme court from the judgment. (Sec. 770.) Section 772 provides for the removal of certain officers upon the accusation in writing ''of any person'' charging them with the matters mentioned in the section.

Counsel for the petitioner contend: That as the statute provides expressly that twelve members of the grand jury

may present an indictment, while section 758 is silent as to the number that must vote for the accusation, any less than the entire panel cannot present a legal accusation. They argue that the provisions relating to accusations are distinct from the proceedings relating to indictments and presentments; that no just inference can be drawn from these latter that, because an indictment may be found by twelve members of the grand jury, a like number may present an accusation. On the contrary, it is claimed that because the legislature has in the one case prescribed the number, and omitted to do so in the other, furnishes strong reasons for giving section 758 the construction contended for; and, furthermore, apart from these considerations, that when the legislature said that the accusation ''may be presented by the grand jury,'' it meant the body in its entirety, and that the general rule by which a majority of the members of legislative, administrative and other like bodies may express their will does not, and should not, apply to a body like a grand jury. We agree with petitioner that the proceedings under section 758 et seq. seem to be complete in themselves, as far as they go, and are separate from and independent of the proceedings provided in the Penal Code as to indictments. But that they are criminal in their nature cannot be doubted, and we think must be regarded as pertaining to crimes and offenses against the state. Speaking more particularly of section 772, the court in *Thurston* v. *Clark*, 107 Cal. 285, [40 Pac. 435], said: ''The proceeding is a nondescript, but resembles somewhat a *qui tam* action. But whatever its garb it is in body and spirit, in its aim and object, a process for the punishment of crime.'' (See *Wheeler* v. *Donnell*, 110 Cal. 655, [43 Pac. 1]; Pen. Code, sec. 15, subd. 4, sec. 692.) In presenting the accusation the grand jury acts under legislative authority precisely as in finding an indictment, the only difference being that the law is silent in the former case as to the number that may present the accusation. It seems to us that the statute being silent we may look to the common law to discover what number may act rather than adopt a construction of section 758 which would violate the time-honored rule governing grand juries. There never has been a time since the grand jury was instituted in England when twelve might not present the indictment. The common law required that twenty-four should

be summoned to attend on the grand jury; but not more than twenty-three were sworn, because of the inconvenience which might arise in case twelve, who were sufficient to find a true bill, were opposed by the other twelve, who should be against finding. (*State* v. *Davis,* 24 N. C. 157, cited in *People* v. *Roberts,* 6 Cal. 214; Anderson's Law Dictionary; *State* v. *Miller,* 3 Ala. 344; *State* v. *Brainerd,* 56 Vt. 532, [48 Am. Rep. 818]; *State* v. *Ostrander,* 18 Iowa, 435; 4 Blackstone's Commentaries, 302; 17 Am. & Eng. Ency. of Law, p. 1290.) In nearly all of the states of the Union the constitution or statute prescribes the number that shall constitute the grand jury, as well as the number that may find an indictment, and it is well settled that in such cases the common law is superseded. In the state of Virginia the law provides for no limitation. The precise question as related to an indictment arose in *Commonwealth* v. *Sayers,* 35 Va. 722. The question was, Can less than sixteen members of a grand jury make a presentment or find a bill of indictment in any case? The court said: "Our act of assembly points out the mode of summoning grand juries, and declares that the twenty-four grand jurors, or any sixteen of them, shall be a grand jury. But there is nothing said as to the number who must concur in finding a presentment or indictment, and the same reasoning which goes to prove that because the act declares that twenty-four, or any sixteen, shall be a grand jury, the number of sixteen should concur in a finding, would also establish that if more than sixteen are sworn, they should all concur; for the whole number, at last, form the grand jury. In 2 Hale's Pleas of the Crown, 161, it is stated that 'if there be thirteen or more of the grand inquest, a presentment by less than twelve ought not to be; but if there be twelve assenting, though some of the rest of their number dissent, it is a good presentment; for if twelve agree, it is not necessary for the rest to agree.' "

It is not to be presumed that our legislature, in providing that twelve may find an indictment for the gravest felony known to the law, intended, by failing to name any number who should concur in finding an accusation, involving a misdemeanor, that all must concur. If any intention on the question can be surmised, it would more probably be that the rule as to indictments would be followed. But, aside from all presumed intention, we think the common-law rule as to

the number who may act in such a case should be applied. If our statute were entirely silent in all matters of presentment for crimes by the grand jury as to the number who must vote for the accusation, it is altogether probable that we would follow the rule of the common law as laid down in the Virginia case, *supra.* Fixing the number in the matter of indictments and omitting to do so as to accusations should not give rise to a rule at variance with the common law, as well as the generally accepted rule in this country. In support of their contention that when the code speaks of "the grand jury" it means the entire body, counsel for petitioner cite cases holding that where the statute fixes the number composing the grand jury, a less number is not a grand jury. That is, if the law requires fifteen qualified persons (as was the case in *Doyle* v. *State,* 17 Ohio, 222) to compose the grand jury and one or more of those sworn are disqualified, it would not be a legal grand jury, and no valid indictment could be found by them. These cases do not hold, where the grand jury is once legally impaneled, that less than the full number may not find an indictment, if the statute provides that a less number may do so; nor do they decide that all must vote to present the indictment where the law is silent as to the number who must do so.

Counsel cite, among other cases, *Rainey* v. *State,* 19 Tex. App. 479. The Texas constitution provides that "grand and petit juries in the district courts shall be composed of twelve men; but nine members of a grand jury shall be a quorum to transact business and present bills." The grand jury was formed of thirteen qualified members, but it was held an illegal body, because not formed in compliance with the constitution. Substantially the same view was taken in *People* v. *Thurston,* 5 Cal. 69; but while section 192 of the Code of Civil Procedure declares that "a grand jury is a body of men, nineteen in number, returned in pursuance of law," in *People* v. *Simmons,* 119 Cal. 1, [50 Pac. 844], it was said: "If any twelve concur an indictment may be found, though the remainder of the jury vote against it," which would be equally true if the remainder did not vote at all. The cases cited by petitioner do not support his contention. They hold that the grand jury must be formed in accordance with the constitution or statute creating it, and that it would not be a legal

grand jury unless so formed. But as to the number that shall be required to make an accusation, provision is sometimes made in the law and sometimes not. No case has been cited, and we have found none, holding that all the members of the grand jury must concur before an indictment can be found where the grand jury was composed of more than twelve and the law was silent as to the number necessary to make the accusation.

There is a further reason which is urged in support of the accusation. Section 7, subdivision 17 of the Penal Code reads: ''Words giving a joint authority to three or more public officers or other persons are construed as giving such authority to a majority of them, unless it be otherwise expressed in the act giving the authority.'' (See, also, Civ. Code, sec. 12, and Code Civ. Proc., sec. 15. See *People* v. *Hecht*, 105 Cal. 621, [45 Am. St. Rep. 96, 38 Pac. 941].) It is the rule generally that a private trust or agency must be executed by all, as in the case of arbitrators chosen to settle a private controversy, but Mr. Mechem also says, in his work on Public Offices and Officers, section 572: ''Where, however, a trust or agency is created by law, or is public in its nature and requires the exercise of deliberation, discretion or judgment, whether it be judicial or quasi judicial in its character, the rule is otherwise, and while all of the trustees, agents or officers, except where the law makes a less number a quorum, must be present to deliberate, or, what is the same thing, must be duly notified and have an opportunity to be present, yet, except where the law clearly requires the joint action of them all, it is well settled that a majority of them, where the number is such as to admit of a majority, if present, may act and that their act will be deemed the act of the body.''

The supreme court by the constitution of 1849 was composed of a chief justice and two associate justices, and it was provided that any two should constitute a quorum; but there was no provision as to the number necessary to pronounce a judgment, as was done by the amendments of 1862, when the number was increased to five, and by the constitution of 1879. Two justices, however, pronounced judgments, being a majority of the three. See discussions of the power of the court by a majority to pronounce judgments in certain matters in *Estate of Jessup*, 81 Cal. at page 459, [22 Pac. at

page 1028]. There have been many boards and commissions created by statute whose functions were judicial or quasi judicial. These bodies have uniformly acted through the vote of a majority. The board of railroad commissioners is a notable example. The constitution created the board to be composed of three members. Its powers are judicial as well as administrative and executive. A majority has many times, in most important matters, such as determining rates to be charged for freight and the like, expressed the will of the board. While this view of the law would seem to safely lead us to the conclusion that a majority of the grand jury may present an accusation under the provisions of Penal Code, section 758 et seq., and hence the present accusation was legally presented, we prefer to place our decision on the ground first above stated, and that upon the concurrence of twelve or more of the grand jury legally formed a valid accusation may be presented.

The writ is denied.

McLaughlin, J., and Buckles, J., concurred.