[Sac. No. 1564.   In Bank.—May 9, 1910.]

## THE PEOPLE, Appellant, v. R. L. BRIGHT, Respondent.

CRIMINAL LAW.—SETTING ASIDE INDICTMENT—BIAS OF GRAND JURORS—
MOTION BY DEFENDANT NOT BEFORE HELD TO ANSWER.—Where it is
found on motion by a defendant who had not been held to answer
before the finding of the indictment to set the same aside for the
actual bias of an individual grand juror against him, that he was
disqualified under the statute for such "a state of mind exists on
his part in reference to the case, . . . which will prevent him from
acting impartially and without prejudice to the substantial rights
of the party challenging" and that he took part in the consideration
of the charge against the defendant, the court was bound to set
aside the indictment and its order setting it aside must be affirmed.

ID.—ADMISSION OF ACTUAL BIAS BY GRAND JUROR—PARTICIPATION IN
INVESTIGATION OF CHARGE—ABSENCE DURING VOTE ON INDICTMENT.
—When the grand juror admitted an actual bias against the de-
fendant and was present and acted as a member of the grand jury
during all of the time it was investigating the charge against the
defendant, including the examination of witnesses, in which he
took part, saving and excepting the final deliberation as to whether
they would find an indictment, the motion to set aside the indict-
ment was properly granted. The absence of the grand juror during
the final vote was immaterial.

ID.—CONSTRUCTION OF CODE—"CONSIDERATION OF CHARGE."—Section 900
of the Penal Code, which is the only provision as to the effect of an
established disqualification of a grand juror, which provides that
"if a challenge to an individual grand juror is allowed, he cannot
be present or take part in the consideration of the charge against the
defendant who interposed the challenge, or the deliberations of the
grand jury thereon," is to be construed in the use of the words
"*consideration of a charge,*" followed as they are by the words "or
the deliberations of the grand jury thereon," as importing something
additional to such "*deliberations*" and as meaning the *investigation
of the charge,* such as is contemplated in section 922 of the Penal
Code. In such an investigation the disqualified grand juror cannot
be present as a member of the grand jury.

ID.—PROPER PROCEDURE TO PROSECUTE UPON MERIT.—The disqualified
juror having taken part in the consideration of the charge against
this defendant, the trial court only followed the law in sustaining
the motion to dismiss. If it had been desired to prosecute this case
on its merits, the simple remedy of the district attorney would have
been to obtain a direction from the trial court that the case be
resubmitted to the same or another grand jury. The defendant
could then have been indicted again or a new prosecution could have
been instituted before a committing magistrate.

APPEAL from an order of the Superior Court of Tuolumne County setting aside an indictment. G. W. Nicol, Judge.

The facts are stated in the opinion of the court.

U. S. Webb, Attorney-General, J. Charles Jones, Deputy Attorney-General, and E. W. Holland, District Attorney, for Appellant.

J. B. Curtin, for Respondent.

ANGELLOTTI, J.—This is an appeal from an order of the superior court of Tuolumne County granting a motion to set aside an indictment found by the grand jury of that county against defendant, charging him with a felony. The appeal was properly taken to the district court of appeal, and has come to this court under an order granting a hearing herein after decision by the district court of appeal.

The defendant had not been held to answer before the finding of the indictment. The motion to set aside the indictment was based on the ground that one of the grand jurors, Charles E. Blanchard, had such a state of mind in reference to the cause as would prevent him from acting impartially and without prejudice to the substantial rights of the defendant. Our Penal Code provides that an indictment must be set aside by the trial court, on motion of the defendant, "when the defendant had not been held to answer before the finding of the indictment, on any ground which would have been good ground for challenge, either to the panel or to any individual grand juror" (sec. 995), and that a challenge to an individual grand juror may be interposed on the ground "that a state of mind exists on his part in reference to the case, or to either party, which will prevent him from acting impartially and without prejudice to, the substantial rights of the party challenging," with the same proviso as to opinions founded on public rumor, statements in public journals, or common notoriety as exists in regard to trial jurors. (Sec. 896.) Where it is found on such a motion made by a defendant who had not been held to answer prior to indictment, that the individual grand juror was disqualified to act by reason of this statutory provision and that the challenge is good, the trial court is bound to set aside the indictment (*People* v. *Landis*, 139 Cal. 426, [73 Pac. 153]), provided, of course, such juror has taken part in the

consideration of the charge against the defendant, or the deliberations of the grand jury thereon. (Pen. Code, sec. 900.)

It cannot be seriously disputed that the trial court was warranted in concluding that the grand juror was disqualified by reason of this provision of the statute. On the hearing of the motion the juror frankly admitted the existence at the time of the impanelment of the grand jury and throughout the proceedings leading to the return of the indictment of a state of mind on his part with reference to the case that would prevent him from acting impartially, and in recognition of this condition retired from the grand jury room when the grand jury was about to vote upon the question of indictment and was not present at and did not participate in such vote.

The question then is whether the disqualified grand juror participated in the matter of this indictment in a manner prohibited by the statute. Although not present at any time during the actual deliberations of the grand jury upon the question whether an indictment should be found, he testified that he was present and did "take an active part in all of the matters leading up to this indictment, saving and excepting the deliberations as to whether they would find for or against the indictment." He further said that he was present and acted as a member of the grand jury during all of the time that it was investigating the charge against defendant, including the examination of witnesses, and that he interrogated some of the witnesses before that body.

There can be no doubt that section 900 of the Penal Code prescribes the rule applicable in determining the question before us. If this is not so it would appear to be necessary to hold that under section 995 the court is compelled to grant the motion to set aside the indictment whenever a grand juror is shown to have been disqualified, even though he took no part in the matter of the particular indictment. The contrary, however, is the only reasonable view and is settled by the decisions. (See *People* v. *Simmons*, 119 Cal. 3, [50 Pac. 844].) Section 900 of the Penal Code is the only provision declaring the effect of an established disqualification. That section provides that "if a challenge to an individual grand juror is allowed, he cannot be present or take part in the consideration of a charge against the defendant who interposed the challenge, or the deliberations of the grand jury thereon."

What does this statute mean when it says that such a grand juror "cannot be present or take part in the *consideration* of a charge?" Followed as this is by the words "or the deliberations of the grand jury thereon," it would appear to necessarily include something in addition to the mere discussion after the evidence has been received of the question whether an indictment should be found and the actual taking of a vote on that question. An example of the language deemed necessary by the legislature where it was intended to confine the prohibition to the taking of the vote is to be found in section 925 of the Penal Code, prescribing the officers who may be present during sessions of the grand jury and the purposes for which they may be present, and explicitly providing that "no person must be permitted to be present during the expression of their opinions, or giving their votes upon any matter before them." Again, it is provided in section 995 of the Penal Code as one of the grounds upon which the indictment must be set aside on motion, as follows: "Where a person is permitted to be present during the session of the grand jury, and when the charge embraced in the indictment is under *consideration, except as provided in section nine hundred and twenty-five,*" which section, as we have already seen, permits the presence of any other person only during the investigation prior to deliberation and voting, and expressly prohibits the presence of any person during the expression of their opinions by the jurors and the giving of their votes. We are clearly of the opinion that the word "consideration" in section 900 of the Penal Code means the investigation of the charge. Under this provision the disqualified grand juror has no right as such to be present at or to take any part in the investigation of the charge. His sole function and duty in that regard is that prescribed by section 922 of the Penal Code, viz., to "declare" the fact of an offense of which he has knowledge "to his fellow jurors, who must thereupon investigate the same." In such investigation the disqualified grand juror cannot be present as a member of the jury, and the only capacity in which he can be present, in view of the provisions of section 925 of the Penal Code, is that of witness during the actual taking of his own testimony, if the same be required by his fellow jurors.

We may question the wisdom of some of our statutory provisions relative to grand jurors and the grounds upon which an indictment shall be set aside, but it is our duty to comply with their mandatory requirements. We cannot doubt that this juror, disqualified under the provisions of those statutes to take part in the consideration of the charge against the defendant, did take part in such consideration, and that the trial court but followed the law in sustaining the motion to dismiss. If it had been desired to prosecute this case on its merits, the simple remedy of the district attorney would have been to obtain a direction from the trial court that the case be resubmitted to the same or another grand jury. The defendant could then have been indicted again, or a new prosecution could have been instituted before a committing magistrate. (Penal Code, sec. 997.)

The order of the superior court is affirmed.

Shaw, J., Sloss, J., Lorigan, J., Henshaw, J., and Melvin, J., concurred.