THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. JOSÉ DESCARTES, Defendant and Appellant.

No. 6521. Argued May 19, 1937.—Decided May 28, 1937.

*E. Pérez Casalduc* for appellant.  *R. A. Gómez, Prosecuting Attorney,* and *Luis Janer, Assistant Prosecuting Attorney,* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

The brief for appellant contains no assignment of errors. Instead, appellant now demurs to an information for want of facts sufficient to state an offense.

The first ground of this demurrer is that the offense is not shown to have been committed prior to the date of the information. The information was subscribed and sworn to by the district attorney September 7, 1934. Using the past tense, it charges an offense of forgery "committed" in the manner described therein. It then specifies that at some time after November 7, 1932, Descartes "counterfeited and forged" certain signatures. This was enough to show that the offense had been committed "at some time prior to the time of filing the information." See subdivision 5 of section 82 of the Code of Criminal Procedure.

The second ground of demurrer is that José Descartes is accused of having counterfeited and forged the signature of Descartes & Maldonado with the intent to defraud the commercial house of Descartes & Maldonado and there is nothing to show that Descartes & Maldonado is a person or an entity other than defendant himself, or that it is a corporation or partnership. Descartes & Maldonado is described as "a commercial house." If José Descartes was doing business as an individual under the name of Descartes & Maldonado or if he was a partner or general manager and as such authorized to endorse checks payable to Descartes & Maldonado, that was a matter of defense. We do not have before us a transcript of the evidence nor a statement of the case. In the district court there was no demurrer to the information. The defect now complained of may have been supplied by the evidence. We cannot agree with appellant that the information fails to state an offense. See 26

C. J. 934, 936, sections 75, 77; *People* v. *Thal,* 61 Cal. A. 48, 53; *People* v. *Gatewood,* 20 Cal. 146.

The judgment appealed from must be affirmed.